ALBERT J. WINTER, Respondent, v. CITY OF NIAGARA FALLS, Appellant.

1. MUNICIPAL CORPORATIONS — WHEN FAILURE TO PRESENT CLAIM FOR DAMAGES WITHIN TIME PRESCRIBED BY CHARTER BARS ACTION. A requirement of the charter of the city of Niagara Falls that claims for damages founded upon negligence must be presented to the common council within thirty days after the occurrence is not a statute of limitations within the meaning of the Code of Civil Procedure (§ 396), the running of which is suspended during infancy; it does not relate to the commencement of an action, but is a bar unless there is a valid excuse for failure to comply therewith; the fact, therefore, that the plaintiff in such an action was an infant at the time of the accident does not relieve him from alleging and proving a presentation of his claim within the prescribed time, in the absence of evidence showing his inability to do so.

2. WAIVER. Assuming, but not deciding, that such requirement may be waived, a waiver cannot be established where it is not pleaded or where no facts are alleged which would constitute it.

3. INSUFFIENCY OF FACTS RELIED UPON TO CONSTITUTE WAIVER. The facts that plaintiff's bill at the hospital was paid by the city, and that in response to a subpœna he appeared and was examined by the city attorney after he had filed his claim, are wholly insufficient to show a waiver of the requirement; it was the duty of the city attorney to examine him under the charter and report to the common council.

*Winter* v. *City of Niagara Falls*, 119 App. Div. 586, reversed.

(Argued November 19, 1907; decided December 10, 1907.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 30, 1907, which reversed an interlocutory judgment of Special Term sustaining a demurrer to the complaint and overruled such demurrer.

This action was brought by the plaintiff to recover damages for injuries sustained by him, which are alleged to have been caused by the negligence of the defendant's servants. The complaint sets forth that the plaintiff, in May 1901, was driving through one of the streets of the city, when a steam roller, operated by one of its employés, suddenly started, making a great noise, frightened his horse and caused it to run away. His wagon was overturned and the injuries complained of were then occasioned. He sets out the nature of the injuries

and alleges that they were caused, solely, by the negligence of
the defendant and without any negligence on his part. He
alleges that, as the result of his injuries, he was confined in a
hospital for a certain length of time and that, while there, he
was "visited by Mr. M. B. Butler, at that time mayor of the
defendant, who discussed with the plaintiff the accident, which
resulted in his injury, and who stated to the plaintiff that he
'need not worry' and that 'they would pay the bill,'" and,
that, shortly thereafter, the bill for hospital services was sub-
mitted to the common council of the city and paid. The
complaint, further, alleges that, in July, 1904, the plaintiff
caused to be filed with the clerk of the city "a notice of
intention to commence suit to recover damages" and "a
verified petition directed to the Common Council," setting
forth "the nature and extent of plaintiff's claims in conse-
quence of the accident;" that "forty days and more have
expired since the filing of said petition;" that "after this
plaintiff had caused his verified claim to be served upon the
Common Council, he was subpœnaed by a member of the
defendant's police force to appear before certain officers of
said city and, in compliance with said subpœna, did so appear
and was then examined as to the cause of action and the
injuries herein alleged; said examination being conducted by
the City Attorney." Lastly, it alleges that the plaintiff, at
the time of the accident, "was in his eighteenth year" and
"that he arrived at his majority July 17, 1904." The
defendant demurred to the complaint, on the ground that it
did not state facts sufficient to constitute a cause of action.
The demurrer was sustained at the Special Term; but, upon
appeal to the Appellate Division, the interlocutory judgment
sustaining the demurrer was reversed and the case was then
certified to this court, upon the question as to the sufficiency of
the facts stated in the complaint to constitute a cause of action.

*Franklin J. Mackenna* for appellant. The complaint does
not state facts sufficient to constitute a cause of action.
(*Curry* v. *City of Buffalo,* 135 N. Y. 366; *Reining* v. *City*

*of Buffalo*, 102 N. Y. 308 ; *Krall* v. *City of New York*, 44 App. Div. 259 ; *Jones* v. *City of Albany*, 151 N. Y. 223 ; *Biggs* v. *City of Geneva*, 184 N. Y. 580 ; *Walden* v. *City of Jamestown*, 178 N. Y. 213.) The provision of the defendant's charter requiring presentation of a claim as a condition precedent to a cause of action is not violative of any of the provisions of the Constitution. (*MacMullen* v. *City of Middletown*, 187 N. Y. 37 ; *Curry* v. *City of Buffalo*, 135 N. Y. 366.) The provision of section 53 of the defendant's charter requiring the presentation of a claim within thirty days after the occurrence causing the damages is a condition precedent to the cause of action and not a statute of limitations. (*Curry* v. *City of Buffalo*, 135 N. Y. 366 ; *Reining* v. *City of Buffalo*, 102 N. Y. 308 ; *Krall* v. *City of New York*, 44 App. Div. 259 ; *Jones* v. *City of Albany*, 151 N. Y. 223 ; *Biggs* v. *City of Geneva*, 184 N. Y. 580 ; *Walden* v. *City of Jamestown*, 178 N. Y. 213 ; *Hill* v. *Supervisors*, 119 N. Y. 344 ; *Lewis* v. *Howe*, 174 N. Y. 340 ; *Gmaehle* v. *Rosenberg*, 178 N. Y. 147.) The statute applies to infants as well as adults, there being no saving clause in their favor. (*Levy* v. *Newman*, 130 N. Y. 11 ; *Norton* v. *Mayor*, 16 Misc. Rep. 303 ; *Donovan* v. *City of Oswego*, 42 App. Div. 539 ; *Hall* v. *Burnstead*, 20 Pick. 2 ; *Beckford* v. *Wady*, 17 Ves. 86.) Neither the common council nor the corporation counsel had the power to waive the failure of the plaintiff to present his claim within the time fixed by the statute. (*Curry* v. *City of Buffalo*, 135 N. Y. 366 ; *MacMullen* v. *City of Middletown*, 187 N. Y. 37 ;. *Gates* v. *State*, 128 N. Y. 221 ; *McNally* v. *City of Cohoes*, 127 N. Y. 350 ; *Biggs* v. *City of Geneva*, 184 N. Y. 580 ; *Gmaehle* v. *Rosenberg*, 178 N. Y. 147 ; *Hill* v. *Supervisors*, 119 N. Y. 344 ; *Lewis* v. *Howe*, 174 N. Y. 340 ; *Grothier* v. *N. Y. & B. Bridge*, 19 App. Div. 586 ; *Hamilton* v. *City of Buffalo*, 55 App. Div. 423 ; *Forsyth* v. *City of Oswego*, 114 App. Div. 616.)

*John T. Ryan* for respondent. The plaintiff having been injured because of a direct negligent act of a servant of the

defendant, he was not required to serve any notice whatsoever upon the defendant. (Dillon on Mun. Corp. [4th ed.] 37, § 18 ; 40, § 21; 1182, § 968 ; Wood on Lim. [2d ed.] 8; *Sprague* v. *City of Rochester*, 159 N. Y. 20.) The plaintiff being an infant at the time of his injury his rights cannot be made to depend upon a voluntary presentation by him of a verified claim to the common council. (*Trustees, etc.*, v. *City of Erie*, 31 Penn. St. 515 ; *MacMullen* v. *City of Middletown*, 187 N. Y. 37 ; *Rector* v. *Rector*, 3 Gill, 118 ; *Donovan* v. *City of Oswego*, 42 App. Div. 542; *Smith* v. *Sackett*, 5 Gill, 544 ; *Barry* v. *Vil. of Port Jervis*, 64 App. Div. 268 ; *Crapo* v. *City of Syracuse*, 183 N. Y. 395 ; *Grube* v. *Wells*, 34 Iowa, 148 ; *Saddlesvene* v. *Arms*, 32 How. Pr. 280 ; *Harrigan* v. *City of Brooklyn*, 119 N. Y. 156.) It is the purpose of the statute to cause the municipality to be informed so that it can protect itself against false or stale claims, and the presentation of the hospital bill with the plaintiff's name thereon to the common council and its examination into the details of the same was sufficient notice and the defendant is bound thereby. (*Jones* v. *City of Albany*, 151 N. Y. 227 ; *Sheehy* v. *City of New York*, 160 N. Y. 143 ; *A. C. Nat. Bank* v. *City of Albany*, 92 N. Y. 363 ; *Missano* v. *Mayor, etc.*, 160 N. Y. 123.) The defendant in causing plaintiff to appear before certain of its officers and be examined by its attorney and in having each question and answer recorded, waived its right to object to the time of service of the verified claim. (*Missano* v. *Mayor, etc.*, 160 N. Y. 123 ; *Sheehy* v. *City of New York*, 160 N. Y. 139 ; *Sprague* v. *City of Rochester*, 159 N. Y. 20 ; *Embury* v. *Connor*, 3 N. Y. 511 ; *Bayard* v. *Mayor*, 74 N. Y. 382 ; *Baker* v. *Braman*, 6 Hill, 47 ; *Weston* v. *City of Syracuse*, 158 N. Y. 282 ; *Sage* v. *Culver*, 147 N. Y. 241 ; *Carpenter* v. *G. A. Ins. Co.*, 135 N. Y. 298 ; *Forsyth* v. *City of Oswego*, 114 App. Div. 616.) The statute requiring a verified claim to be served within thirty days after the happening of the accident is a statute of limitations and the infancy of plaintiff suspends the running of said statute. (*Reining* v. *City*

of *Buffalo*, 102 N. Y. 308; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *Berry* v. *Vil. of Port Jervis*, 64 App. Div. 260; 180 N. Y. 521; *Williams* v. *Vil. of Port Jervis*, 97 App. Div. 84; *Hayden* v. *Pierce*, 144 N. Y. 512; *Titus* v. *Poole*, 145 N. Y. 414; *Hamilton* v. *R. Ins. Co.*, 156 N. Y. 327; *Connelley* v. *Hyann*, 176 N. Y. 413; *People* v. *Bd. of Suprs.*, 103 N. Y. 541; *Chamberlain* v. *Chamberlain*, 43 N. Y. 439.)

Gray, J.    Upon the face of this complaint, it appears that more than three years had elapsed after the plaintiff sustained his injuries and before he presented a claim for damages to the defendant; but the majority of the learned justices of the Appellate Division were of the opinion that the defendant had waived compliance with a provision of its charter, which would have barred the action.    The charter of the defendant provided that "all claims for damages founded upon alleged negligence of the city shall be presented to the common council, in writing, within thirty days after the occurrence causing such damages;" that the notice shall state the time, place, cause, nature and extent of the damages and shall be verified; that "the omission to present any claim in the manner, or within the time, in this section provided shall be a bar to an action against the city therefor" and that no action, or proceeding, to recover any claim against the city shall be brought until the expiration of forty days after the claim shall have been presented before the common council for audit.

Very correctly, the opinion of the court below disposed of the plaintiff's contention that the provision of the charter with respect to the time for presentation of a claim was a statute of limitation, the running of which, within the provisions of the Code of Civil Procedure, (Sec. 396), would be suspended during infancy.    It was nothing of the kind; for, as it was observed, the requirement does not relate to the commencement of an action.    The statute requires the presentation of a claim to be made within thirty days of the occurrence causing the damage and it bars an action against

the city in the case of an omission to do so. The provision, therefore, became an essential part of a complainant's cause of action and compliance with its requirement was a fact to be alleged and proved, like any other condition precedent to the existence of an obligation. (*Reining* v. *City of Buffalo*, 102 N. Y. 308 ; *Curry* v. *City of Buffalo*, 135 ib. 366 ; *MacMullen* v. *City of Middletown*, 187 ib. 37.)  Municipal liability for injuries is a matter that is within the control of the legislature and when it is enacted what that liability shall be, and the conditions upon which it may be enforced are prescribed, the statutory provisions are controlling upon the subject.   To require the presentation of a claim within a specified time is quite a reasonable provision ; inasmuch as thereby the municipality is afforded a measure of protection against stale claims, or the possible connivance of corrupt officials.  It permitted an investigation into the occurrence to be had at a time when the evidence relating to it might more readily be collected.   The provision is not so rigid as to be beyond a construction, which admits of a substantial compliance with its requirement, or of an excuse for delay in performance, when caused by the inability of the injured person to comply. (*Walden* v. *City of Jamestown*, 178 N. Y. 213.)  In this complaint, however, not only is there no allegation of compliance, but no excuse for the failure to present a claim is alleged.   The plaintiff was eighteen years of age and, so far as the complaint shows, presumably, was able to cause a claim to be filed, and the statute makes no exception as to persons.  The question is not as to the effect of the plaintiff's infancy upon the running of the Statute of Limitations ; it is, simply, as to the effect upon his cause of action of a failure to present a claim for damages to the city within thirty days after the receipt of the injuries, as the charter required.   The question was well discussed below and I think it needs no further discussion here.

I am not able, however, to agree in the view that the failure of the plaintiff to comply with the requirement of the charter has been waived by the defendant.   I am not without doubt upon the question whether a statutory provision of this

kind can be waived by the municipal authorities. The liability of the municipality is provided for by a statute and is rested upon the performance of a certain condition. It is declared that an omission to comply with the provision "shall be a bar to an action against the city." If compliance may be waived, it would tend considerably to lessen the protection intended to be accorded to the city; but, without deciding that question, and if we shall assume that it was within the power of the municipal authorities to waive the failure of the plaintiff to present his claim within the time prescribed by the statute, still I find the difficulty in the plaintiff's case to be that the complaint neither expressly alleges a waiver, nor facts, which, taken together, constitute a waiver, on the part of the defendant. It is a familiar rule of law that the omission of an averment of performance of a condition precedent, or of an excuse for the non-performance, is fatal on demurrer. (See 1 Chitty on Pleading, *321, *327; *Oakley* v. *Morton*, 11 N. Y. 25; *Weeks* v. *O'Brien*, 141 ib. 199.) That performance of the condition precedent, imposed by the statute upon a complainant intending to bring an action against the defendant, could not be pleaded, when this action was commenced, is evident; but, in such a case, it was obligatory, either, to plead a waiver, or to allege facts which would constitute a waiver, of performance. As already observed, there is no exception made in the statute as to persons under the disability of infancy and no fact alleged permits an inference that the plaintiff could not have complied with the requirement. The fact that the mayor called upon the plaintiff, while in the hospital, and sympathized with him, or that the bill for hospital services was paid by the city, does not, even remotely, show a waiver of the requirement that any claim for damages against the city should be presented, as provided for in the statute. Neither do the facts, that he was "subpœnaed by a member of the defendant's police force to appear before certain officers of the city," that he did so and that he was examined by the city attorney, constitute a waiver. The allegations in this respect are somewhat vague;

but, allowing all force to them, what more do they amount to than that the city attorney, after the plaintiff filed his claim, performed a duty with which he was charged by the statute? Section 489 of the charter provides that "it shall be the duty of the corporation counsel — (in which name the office of the city attorney was continued by the amendment of the charter, in 1904) — to cause all claims for personal injuries or damages to property to be thoroughly investigated and he shall advise the proper committee of the common council in respect thereto." In examining the plaintiff, therefore, the corporation counsel simply discharged this duty. It was not for him to say that he might omit to discharge the duty enjoined by the statute upon the incumbent of the office, which he filled; any more than it was possible for him to bind the municipality by his opinion upon the claim. He might, at the most, advise the common council upon the facts. He was not an executive officer; he was, only, the law adviser, or counsel, of the municipal corporation. Even what he advised the common council is not alleged. That municipal body, alone, could waive the plaintiff's failure to present his claim within the time fixed by the statute, (always assuming that it had the power to do so), and it is not alleged that it took any action whatever. With a pleading neither alleging compliance, substantial, or otherwise, with the requirement of the statute, nor alleging a waiver, or any facts excusing the plaintiff from performance, the defendant's demurrer, in my opinion, was properly sustained at the Special Term.

I advise that the question certified to this court should be answered in the negative; that the order appealed from should be reversed and that the judgment of the Special Term should be affirmed, with costs in all the courts; but without prejudice to the plaintiff's rights to apply for leave to amend his pleading, as he may be advised.

CULLEN, Ch. J., WERNER and CHASE, JJ., concur; O'BRIEN and VANN, JJ., dissent; WILLARD BARTLETT, J., not voting.

Ordered accordingly.