## HUNGERFORD v. VILLAGE OF WAVERLY et al.

(Supreme Court, Appellate Division, Third Department. March 11, 1908.)

1. MUNICIPAL CORPORATIONS — PERSONAL INJURIES — FILING STATEMENT OF CLAIM—STATUTES.

Under Village Law, Laws 1897, p. 453, c. 414, § 322, providing that no action shall be maintained against a village for a personal injury unless a statement of the claim shall be filed within six months after the accrual of the cause of action, a failure to file a claim until after the expiration of the period without showing that it was filed as soon as the person injured was in a mental and physical condition to do so, or within reasonable time thereafter, bars an action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1697, 1706.]

2. SAME.

One of several trustees of a village has no authority to bind the village, and cannot waive noncompliance with Village Law, Laws 1897, p. 453, c. 414, § 322, requiring the filing of a claim against a village within six months after the accrual of the cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1700.]

3. SAME—LIABILITY OF MUNICIPAL CORPORATIONS.

The Legislature has, by the acts creating villages or other municipal corporations, imposed on the corporate body the duty of keeping the streets thereof in repair.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1591.]

4. SAME—OFFICERS—LIABILITY.

Village Law, Laws 1897, p. 366, c. 414, providing that the streets of a village shall be under the exclusive supervision of the board of trustees, etc., does not cast the duty of keeping the streets of a village in repair on the president and trustees of the village individually.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1591.]

5. SAME.

Under Village Law, Laws 1897, p. 366, c. 414, providing that the street commissioner of a village shall have supervision of the construction, improvement, and repairs of the streets as the board of village trustees may determine, the street commissioner is not called on to act and is not liable for negligence until the trustees have determined what repairs shall be made and have directed the commissioner to make them.

6. PLEADING—CONCLUSIONS OF LAW.

A complaint in an action against the street commissioner of a village for injuries to a pedestrian caused by a defective sidewalk, which alleges

that it was and became the duty of the commissioner by virtue of his office to keep the streets in repair, states a conclusion of law only.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 12–31.]

7 SAME—DEMURRER—ADMISSIONS.
   An allegation of a pleading which states a conclusion of law is not admitted by demurrer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 527.]

Appeal from Trial Term, Tioga County.

Action by Martha A. Hungerford against the village of Waverly and others. From an interlocutory judgment (56 Misc. Rep. 186, 107 N. Y. Supp. 291) overruling a demurrer to the complaint, defendants appeal. Reversed and remanded.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Frank A. Bell, for appellants.
Chester C. Annabel, for respondent.

SEWELL, J. This action was brought to recover damages for personal injuries suffered by the plaintiff and alleged to have been occasioned by the negligence of the defendants. The complaint alleges that the plaintiff was injured on the 21st day of June, 1906, by stepping into a hole in a plank sidewalk, on the east side of Waverly street, in the village of Waverly, and that on the 3d day of January, 1907, she filed with the village clerk a written verified claim for damages. The defendant, the village of Waverly, demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and each of the other defendants joined in the demurrer upon the same ground.

Three questions are presented for our determination: First, whether the plaintiff substantially complied with the requirements of section 322 of the village law (Laws 1897, p. 453, c. 414) with respect to the filing of a verified statement of the nature of her claim; second, whether the president and trustees of the village are individually liable; and, third, whether a cause of action is stated against the street commissioner of the village.

The respondent concedes that the filing of the required statement within six months after the cause of action accrued is by the express terms of the statute a condition precedent to the commencement of an action against the village, and that such an allegation is an essential part of the complaint. She claims to have avoided the effect of the omission by alleging, as an excuse for the failure, "that the reason of not filing a claim before was because of the physical incapacity of said plaintiff, by reason of said injuries received aforesaid, and also from the fact that in a conversation in the month of August, 1906, had with one Howard, one of the defendants herein, a trustee of said village, and one of the committee on sidewalks, in which she stated to him the nature and circumstances of her injuries caused by the defective sidewalk aforesaid, and requested him to bring it before the trustees of the aforesaid village, with a view of settlement; that he promised to bring the claim before the said trustees at their meeting, and would inform her

as to the decision; that the plaintiff was not informed thereafter by said Howard, and did not learn of the decision of the trustees until about the time of filing the aforesaid verified claim." The complaint also alleges:

"That for a period of time after. the said injuries were received she was unable to write or concentrate her mind upon any work for some time thereafter as a result of the nervous shock."

There is no allegation as to how long she was unable to write or concentrate her mind, or remained incapable of filing the statement required by the statute. No fact is alleged tending to show that the plaintiff did not have a reasonable time in which to prepare and file the statement after she had recovered from the shock and before the expiration of the period of limitation. The contention of the plaintiff seems to be that the statutory statement may be filed within six months after the incapacity is removed. The only authority for this doctrine is found in Forsyth v. City of Oswego, 114 App. Div. 616, 99 N. Y. Supp. 1022, decided by a divided court. It seems to me reasonably clear that we cannot follow this decision unless we can by judicial legislation fix a different limitation than that prescribed by the statute. The Legislature having distinctly stated that no action shall be maintained unless the claim or statement shall have been filed within six months after the cause of action shall have occurred, it is difficult to perceive the basis for a claim that another period of limitation was intended. It is true that it has been held that the provision requiring the filing of the claim within the time specified is not so rigid as to be beyond a construction which admits of a substantial compliance with its requirements, or of an excuse for delay in performance, when caused by the inability of the injured person to comply (Walden v. City of Jamestown, 178 N. Y. 216, 70 N. E. 466; Green v. Village of Port Jervis, 55 App. Div. 58, 66 N. Y. Supp. 1042); but in these cases it was found that up to the time of the preparation and service of the notice the plaintiff was in such a condition as to be unable to transact business. These decisions proceeded on the ground that the statute was substantially complied with, as it could not be reasonably presumed that the Legislature intended a party to do that which he could not possibly perform. In Green v. Village of Port Jervis, Justice Hirschberg said of the designated period:

"Being the mere designation of a period of time in its relation to one of a series of practical proceedings designed for the enforcement of a right and the redress of a wrong, the plaintiff must be held only to the general rule requiring substantial compliance, and will be absolved from the consequences of inevitable failure where he has done all which the acts of the defendant permit him to do."

The plaintiff not only failed to allege that she performed and filed the statement as soon as she was in a mental and physical condition to do so, or within a reasonable time thereafter, but it appears upon the face of the complaint that the statement was not filed until more than four weeks after she was able to make a statement of the nature and circumstances of her injuries and to transact business. I am of the opinion that the plaintiff's right of action against the village was lost by her failure to file her claim within the time prescribed by the statute,

unless, as claimed by the plaintiff, the alleged conversation with one of the trustees amounted to a waiver or an estoppel. It is clear that it did not. One of several trustees has no authority to speak for or to bind the municipality. It is very doubtful if a statutory provision of this kind could be waived by the municipal authorities. Fox v. Fitzpatrick, 190 N. Y. 259, 82 N. E. 1103. However that may be, it is certain that one of several trustees cannot waive a condition upon which the liability of a village defends. I am therefore of the opinion that the demurrer of the defendant village should have been sustained.

This brings us to the question whether the president, trustees, and street commissioners of the village are personally liable for permitting the sidewalk to become and remain out of repair. The theory that the Legislature in creating a village or other chartered municipal corporation placed upon the corporate body the duty of keeping the streets and other ways of passage in repair has been recognized and adopted in many cases in this state that need not be cited. It is the basis of every claim which an injured individual has for damages against a city or village for the nonrepair of a street or sidewalk. The complaint alleges that, under and by virtue of the village laws, the defendant village became a separate highway district, and charged with the duty, as such municipal corporation, through the defendants, its trustees and officers, of the entire supervision and control of its streets and walks. The provisions of the village laws (chapter 414, p. 366, Laws 1897) which measure the duties and the liabilities of a village and its officers are that the streets and public grounds of a village are under the exclusive control and supervision of the board of trustees, and that under the direction and supervision of the board of trustees the street commissioners of a village have supervision and charge of the construction, improvement, and repair of the streets, walks, and such other property of the village as the board may determine. I do not understand how it can be claimed that the Legislature intended by these provisions to cast the duty of keeping the streets and walks in repair upon the president and trustees of a village individually. There is no requirement that the members of the board of trustees or any one or more of them shall make repairs. The control and supervision of the streets are not conferred upon them as individuals engaged in a joint enterprise or under the duty to exercise a joint power, nor as individuals acting as public officers. The president and trustees have as individuals no power or duty in respect to the streets or walks or any existence separate and distinct from their existence as a board. No new power is conferred or liability created by the village law. As before, the duty of caring for the streets is upon the municipality. The powers enumerated are conferred upon the board of trustees, but they are given to it as the representative and governing body of the corporation. The duties which result are the duties of the corporation; for the rule undoubtedly is that powers conferred upon those who stand in the place of and represent a corporate body are deemed to be conferred upon the corporation itself. I think the case is within the doctrine or rule of responsibility laid down in Bassett v. Fish, 75 N. Y. 303, where it was held that the neglect to perform a duty imposed upon the board of education of a

union free school district was the negligence of the corporation and the trustees were not liable.

Folger, J., in delivering the opinion of the court, said:

"It is not seen how a member of a corporate body upon which body a duty rests can be held individually liable for the neglect of its duty by that body. There is no duty upon him to act individually. His duty is as a corporator, and it is to act in the corporation in the way prescribed for its action, and by the use of its powers and means. And, if there is neglect to exert its powers or its means, it is the neglect of the body, and not of the individuals composing it."

This case was cited and approved in Wahrman v. Board of Education, 187 N. Y. 331, 80 N. E. 192, 116 Am. St. Rep. 609, which was brought by a pupil of a public school against the board of education for injuries received from the falling of the ceiling, and it was held that the negligence was that of the board. This case is to be distinguished from the cases cited by the respondent's attorney, where it was held that public officers, charged with ministerial duties, are answerable in damages to any one specially injured by their careless and negligent performance, or omission to perform the duties of their office. It is contended, however, that we are concluded by the decision of this court in Piercy v. Averill, 37 Hun, 360. In that case the charter provided:

"The city should not be liable to any person injured by slipping on the sidewalk or by reason of the same being out of repair, and the common council was charged with all the duties which by law are given to or enjoined upon commissioners of highways of towns."

The decision in that case appears to have been based upon the assumption that by reason of the exemption of the municipal corporation, and the fact that the common council was charged with the powers and duties of commissioners of highways, the defendants were invested with the office of such commissioners, or owed a duty separate and distinct from their duties as members of the common council. Admitting it to be sound, it does not apply to the present case, for here the powers and duties of commissioners of highways are not referred to, and the control and supervision of the streets are merely added to the other powers of the board of trustees.

The only other question we are called upon to consider is whether a cause of action is alleged against the street commissioner. It will be noted that the only duty imposed upon him was to act under the direction and control of the board of trustees. From this provision, it is clear that the commissioner was not called upon to act, and therefore could not be made liable for neglect until the board of trustees had determined what repairs should be made and directed the commissioner to make them. There is no fact alleged in the complaint tending to show that the board of trustees met to consider the subject of repairs, that a resolution or ordinance was passed, or that the street commissioner was in any manner authorized or directed to repair the walk in question. There is an allegation that it was and became the duty of the trustees and street commissioner by virtue of their office to keep the streets and walks in repair, but it is not a statement of a fact. It is only the allegation of a conclusion of law, and therefore not within the

general rule that all the allegations of a pleading are deemed to be admitted for the purpose of a demurrer.

I think that the negligence of the street commissioner is not sufficiently charged in the complaint to successively resist the demurrer, and that the interlocutory judgment should therefore be reversed, with costs, and that the defendant should have judgment sustaining the demurrer to the complaint, with costs, with leave to the plaintiff to amend his complaint within 20 days from the notice of the entry of judgment, on payment of the costs in this and the trial court. All concur, except SMITH, P. J., not voting.