HERMAN YABLONSKY, by SAMUEL YABLONSKY, His Guardian ad Litem, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Brooklyn, Sixth District
January 6, 1927

**Municipal corporations — limitation of actions — action against city of New York for personal injuries suffered by infant — Greater New York charter, § 261, requires action against said city to be commenced within one year after accrual thereof — requirement of charter is not Statute of Limitation within meaning of Civil Practice Act, § 60, and need not be pleaded in answer — compliance with charter was essential part of plaintiff's case — infancy alone does not create excuse for non-compliance with charter.**

An action against the city of New York for personal injuries suffered by the plaintiff, an infant, must, under section 261 of the Greater New York charter, be commenced within one year after the accrual thereof; said charter provision is not a statutory limitation within the meaning of section 60 of the Civil Practice Act and to be available need not be pleaded in the answer.

The compliance with the requirement of the charter is an essential part of plaintiff's cause of action to be proved by him as any other condition precedent, and in the absence of any explanation as to the non-compliance with said provision, the direction therein is conclusive; infancy alone does not create an excuse for non-compliance and plaintiff's failure to either plead or give proof in explanation of his default must necessarily preclude him from maintaining said action.

ACTION to recover damages for personal injuries.

*Harry L. Wechsler,* for the plaintiff.

*George P. Nicholson, Corporation Counsel* [*John J. Haggerty* of counsel], for the defendant.

BOGENSHUTZ, J. Plaintiff was injured by the collapse of the upper part of a lamp post on a corner of one of the city streets. The accident occurred on July 8, 1925. Notice of claim was filed on the comptroller and corporation counsel on August 7, 1925. At the close of plaintiff's case defendant made a general motion to dismiss. On denial of the motion, defendant submitted its proof and renewed its motion for judgment based especially on the ground that plaintiff was barred from maintaining the action because of his failure to bring it within the time limited by section 261 of the charter of the defendant city (as amd. by Laws of 1912, chap. 452), which provides, among other things: " No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless * * * such action shall be commenced within one year after the cause of action therefor shall have accrued. * * *."

If this point be well taken, the complaint must be dismissed, without passing on the main issue. On the record before me I have reached the conclusion that defendant's motion must prevail and a dismissal of the complaint must follow. In resisting defendant's contention on this point of law, plaintiff contends that the statute is a plea in bar, and to be available must be pleaded in the answer. That is not the law. This action is against a municipality. The requirement in question is not a statute of limitation within the meaning of section 60 of the Civil Practice Act. For protective reasons, the conditions under which a municipality may be sued and held liable are prescribed by statute, enacted by the State Legislature, and are controlling with certain exceptions recognized by law. (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Murphy* v. *Village of Fort Edward*, 213 id. 397.) Compliance with the requirement in question was an essential part of plaintiff's cause of action. It was a fact to be asserted and proven by him like any other condition precedent necessary to prosecute an action. (*Reining* v. *City of Buffalo*, 102 N. Y. 308; *MacMullen* v. *City of Middletown*, 187 id. 37; *Winter* v. *City of Niagara Falls*, *supra.*) The action was commenced by service of the summons on which was indorsed a statement of the nature of the action. There may be no obligation to specifically include in the statement " that plaintiff has complied with the statutory requirement necessary to prosecute the action." Nevertheless plaintiff was bound to prove compliance. While the summons which was issued by plaintiff's attorney bears date July 1, 1926, it was not served until September 30, 1926, which marked the date of the commencement of the action (Mun. Ct. Code, § 18), and was a year and nearly three months after the accrual of the cause of action. At the time of the accident plaintiff was over fifteen years of age and apparently very intelligent for one of his age. Notices of claim were filed on August 7, 1925, indicating a comprehensive knowledge on the part of plaintiff as to his rights and method of enforcement. What explanation has plaintiff given as the cause of his failure to bring his action within the prescribed limitation so as to bring himself within the rule of exception recognized by the rule declared in the cases of *Winter* v. *City of Niagara Falls* and *Murphy* v. *Village of Fort Edward* (*supra*)? In the absence of an explanation constituting a valid excuse, the direction of the statute is conclusive and final. (*Forsyth* v. *City of Oswego*, 191 N. Y. 441, 444.) In other words, his failure to comply with the statutory requirement is a bar of his right to prosecute the action unless relieved of the default because of lack of understanding through immature infancy. Not having complied with the requirement, he was bound to assert

and prove facts which would properly excuse the failure. An excuse will not be presumed. Like asserting a waiver of a condition precedent, facts must be shown which will establish it. (*Winter v. City of Niagara Falls, supra,* 204.) If an explanation is asserted and proof given in support thereof, raising an issue, it would have to be decided like any other issue of fact. (*Murphy v. Village of Fort Edward, supra.*) Plaintiff makes no claim that physical disability caused the non-compliance. Any other excuse must be predicated on his infancy and mental disability. Infancy alone does not create or constitute a condition of mental disability as to excuse non-compliance. There must be facts and circumstances suggesting an inference of immature infancy and consequent lack of understanding. (*Murphy v. Village of Fort Edward, supra,* 402, 403.) Unfortunately plaintiff neither pleaded nor gave proof in explanation and excuse of his default. The conclusion is forced that plaintiff not having proven an excuse for his non-compliance with the statutory requirement is precluded from maintaining the action. Consideration of defendant's liability on its alleged negligence is rendered unnecessary. Judgment for defendant.