MARY AYERS, Respondent, *v.* THE CITY OF BUFFALO, Appellant, Impleaded with ROCK ASPHALT & CONSTRUCTION COMPANY, INC., Respondent.

Fourth Department, October 7, 1931.

*Forbes F. Dougherty,* Assistant Corporation Counsel, and *Charles L. Feldman,* Corporation Counsel, for the appellant.

*Francis W. Cullen,* for the plaintiff, respondent.

*Harold J. Adams* and *Percy R. Smith,* for the defendant, respondent.

PER CURIAM.    Section 360 of the Charter of the City of Buffalo, which came into effect on January 1, 1928, being a local law adopted in 1927, pursuant to the City Home Rule Law but not published with Local Laws of Cities in State, applies to claims arising from personal injuries, as well as does section 361 of the same charter, and requires a verified claim in respect to personal injuries in the manner and form provided by ordinance to be filed with the city clerk.    Section 691 of the charter continues in effect ordinances of the city in force at the time the charter took effect so far as consistent with the charter itself.    Subdivision 8 of section 8 of chapter 3 of the Ordinances of the City of Buffalo in force at the time the charter took effect makes provision as to how such claims shall be made out and verified.    It contains this provision in respect to such claims: " Claims    *    *    *    for damages on account of injuries to persons or property    *    *    *    shall be verified by affidavit to the effect that the statements therein are true to the knowledge of deponent, except as to the statements therein made upon information and belief, and that as to such statements deponent believes it to be true."

The claim filed by the plaintiff in this case was wholly unverified. Section 364 of the charter makes the filing of the claim with the city clerk a condition precedent to the right to bring an action to enforce the claim.    In this condition of the statutes we are constrained to hold that the plaintiff cannot maintain this action. (*Cotriss* v. *Village of Medina,* 139 App. Div. 872; affd., 206 N. Y. 713; *Rogers* v. *Village of Port Chester,* 234 id. 182; *Ponsrok* v. *City of Yonkers,* 254 id. 91.)

The retention of the unverified claim by the city officers and the examination of the plaintiff by the corporation counsel under the provisions of section 363 of the city charter did not constitute a waiver of the charter requirement relating to the filing of a verified

claim. (*Cotriss* v. *Village of Medina, supra; Commonwealth Water Co.* v. *Village of Castleton,* 192 App. Div. 697; *Winter* v. *City of Niagara Falls,* 190 N. Y. 198; *Weisman* v. *City of New York,* 219 id. 178.)

Because of the provisions of the charter and the ordinances mentioned above and following the precedents cited, we must reverse this judgment and dismiss the complaint.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment in favor of plaintiff against defendant city reversed on the law, with costs, and complaint dismissed, with costs. Judgment in favor of defendant, Rock Asphalt & Construction Company, Inc., and against the defendant city affirmed, with costs.