ANTOINETTE ADONNINO, an Infant, by her Guardian ad Litem, ANDREA ADONNINO, Plaintiff, *v.* VILLAGE OF MOUNT MORRIS, Defendant.

Supreme Court, Livingston County, June 10, 1939.

*Austin W. Erwin,* for the plaintiff.

*Byron A. Johnson,* for the defendant.

LAPHAM, J. This is a motion by the defendant to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. The complaint alleges that the infant plaintiff received personal injuries when she was struck in the face by a foul ball while seated in the bleachers provided for the accommodation of paying spectators in a municipal park under the control of the defendant village. The plaintiff sustained her injuries on May 30, 1938, and presented a claim for damages to the board of trustees of the village on August 30, 1938. The complaint alleges that the claim was not presented sooner because the defendant and its officers and servants assured the plaintiff and her father that the defendant would recognize the validity of her claim without suit and because the plaintiff as an infant was unaware of the necessity of serving notice of such claim. The defendant is charged with negligence in failing to protect the bleachers with screens or barriers, in erecting and maintaining the bleachers in a dangerous location, in failing to furnish adequate lighting facilities, and with the maintenance of a public nuisance.

The complaint, in my judgment, cannot survive the challenge made by the defendant. Section 341 of the Village Law requires the filing of a claim for damages for personal injuries with the village clerk within thirty days after the injuries have been sustained. The law is well settled that the presentation of a claim within the designated period is an integral part of plaintiff's cause of action, and a failure to file a claim within the statutory period will, unless excused, defeat recovery by the plaintiff. (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198; *Reining* v. *City of Buffalo,* 102 id. 308.) A physical or mental inability on the part of the plaintiff to comply with the statutory requirements has been recognized as a legal excuse. (*Walden* v. *City of Jamestown,* 178 N. Y. 213, 216; *Forsyth* v. *City of Oswego,* 191 id. 441, 444.) Here the plaintiff does not rely on any physical disability but asserts that she, being an infant, was unaware of the necessity of presenting a claim to the village board. The courts have refrained from defining with precision the ages when a literal compliance with the statute will be excused and those when a strict observance of the statute will be required. A rigid adherence to the statute is not required from an infant of ten years of age or less. Such compliance is demanded from an infant older in years of ordinary physical and mental capacity. (*Russo* v. *City of New York,* 258 N. Y. 344; *Murphy* v. *Village of Fort Edward,* 213 id. 397; *Yablonsky* v. *City of New York,* 128 Misc. 469.)

But infancy alone does not excuse a failure to obey the statutory requirements. Unless it is so youthful and so immature as to

result in a lack of understanding or in a real inability to comprehend the essentials of the situation, it falls short of the mental disability emphasized in the decisions. The complaint is silent on the age of the plaintiff but on the argument of the motion it was conceded that she was seventeen years of age. She is presumably of ordinary intelligence for the complaint is silent too on this point. The vital flaw in the complaint is that nowhere is there any allegation of such immature infancy as to result in a lack of understanding, and nowhere are any facts alleged upon which an inference of immature infancy can be predicated. (*Yablonsky* v. *City of New York*, 128 Misc. 469.)

The complaint contains allegations upon which the plaintiff seeks to establish a waiver by the defendant of compliance with the thirty-day statutory period in the assurances of officers and agents of the defendant that the plaintiff need only wait and her claim would be honored. The courts have expressed grave doubt whether the mandate of a statute of this character intended for the protection of municipalities can be waived (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198, 205), but at least it is clear that a compliance with the statute cannot be waived by one or more individual officers of a municipality. Such action, if it can be taken at all, must be performed by the governing body of the municipality. (*Winter* v. *City of Niagara Falls, supra; Lord & Burnham Co.* v. *City of New York*, 251 N. Y. 198, 204; *Ayers* v. *City of Buffalo*, 233 App. Div. 330; *Fellmeth* v. *City of Yonkers*, 222 id. 815.)

Nor does knowledge of the accident by the village officials excuse the failure to observe the statute. What the law commands is not knowledge, but written notice of the claim for damages. (*Cotriss* v. *Village of Medina*, 139 App. Div. 872; affd., 206 N. Y. 713; *Thomann* v. *City of Rochester*, 256 id. 165, 172.)

The allegation that the park and the bleachers were illegal obstructions and a public nuisance does not lift the complaint beyond the reach of section 341 of the Village Law. The action is rooted in negligence and the label of nuisance which the plaintiff seeks to attach to it does not change the fundamental nature of the cause of action where the nuisance springs from the same facts as those on which the negligence of the defendant is predicated. (*Smith* v. *Village of Victor*, 134 Misc. 888.)

There is another obstacle to plaintiff's recovery. When she attended the ball game and sat in the unprotected bleachers she assumed all the risks reasonably incidental to the game. The risk of being struck by a foul ball was one of these hazards. (*Ingersoll* v. *Onondaga Hockey Club, Inc.*, 245 App. Div. 137; *Hammel* v. *Madison Square Garden Corp.*, 156 Misc. 311; *Blackhall* v. *Albany*

*Baseball & Amusement Co., Inc..* 157 id. 801; *Murphy* v. *Steeple-chase Amusement Co., Inc.,* 250 N. Y. 479, 482.)

The plaintiff seeks to distinguish these cases in order to save her complaint on the ground that the spectator had an opportunity of choosing a seat in a protected area. The distinction under the facts of this case is not so vital as to defeat the application of the rule to the conduct of the plaintiff. If this distinction were accepted as valid, a proprietor might escape liability by providing only a few protected seats, and by giving a spectator a choice that would under these circumstances be more illusory than real. There is undoubtedly an obligation on the part of proprietors of baseball parks to protect the area back of the home plate by screens or nets but the obligation of protecting spectators has not been extended to the bleachers around the playing field. The rule of assumption of risk which is controlling here was reiterated in these terms by the court in *Ingersoll* v. *Onondaga Hockey Club, Inc.* (245 App. Div. 137, at p. 138): " The rule is equally well settled that a spectator at a baseball game assumes the risk of being struck by a foul or wild-thrown ball when sitting elsewhere than behind the screen back of home plate. A spectator at a baseball game may be regarded as assuming such risks from balls as are necessarily incident to the game."

The plaintiff knew when she went into the unprotected bleachers that she was venturing into a place of danger and the mere fact that there may have been no protected seats did not permit her to close her eyes to dangers in the sport of baseball which were open, apparent and notorious, and which were inherent in the very nature of the game.

" A different case would be here if the dangers inherent in the sport were obscure or unobserved (*Godfrey* v. *Conn. Co., supra* [98 Conn. 63]; *Tantillo* v. *Goldstein Bros. Amusement Co.,* 248 N. Y. 286), or so serious as to justify the belief that precautions of some kind must have been taken to avert them. (Cf. *O'Callaghan* v. *Dellwood Park Co.,* 242 Ill. 336.)" (*Murphy* v. *Steeple-chase Amusement Co., Inc.,* 250 N. Y. 479, 483.)

The motion of the defendant to dismiss the complaint is granted, without costs.

Let order enter accordingly.