HAZEL ELLIS, Respondent, *v.* CITY OF GENEVA, Appellant.

Fourth Department, May 15, 1940.

*Albert G. Kirby*, for the appellant.

*Joseph J. Spillane*, for the respondent.

DOWLING, J.   The plaintiff sues to recover damages for personal injuries alleged to have been sustained by her as the result of a fall upon a sidewalk alleged to have been maintained by the defendant in a dangerous, defective and unsafe condition for a long period of time prior to the date of the accident to the knowledge of the defendant express or implied.   As separate and distinct defenses in bar of the action the defendant alleges that the plaintiff has failed to allege compliance with the provisions of sections 33* and

* Laws of 1897, chap. 360, as amd. by Laws of 1908, chap. 361.— [REP.

33-a\* of its charter. Section 33-a provides in substance that no civil action shall be maintained against the city for damages or injury to person or property sustained in consequence of the defective or unsafe condition of any sidewalk unless, previous to the occurrence resulting in such damages or injury, written notice of the defective and unsafe condition shall have been filed in the office of the board of public works of the city and that it shall be made to appear that there was a failure or neglect to remedy such condition within a reasonable time after the filing of such notice. The plaintiff has not alleged the giving of such written notice. Section 33 of the defendant's charter provides in substance that no action shall be maintained against the city for personal injuries unless notice in writing of intention to claim damages shall have been filed with the corporation counsel " within one month after such injury shall have been received." The plaintiff alleges that the accident happened on April 3, 1937, but that she was unaware that she had been injured until July 1, 1937, when the injuries sustained developed with such intensity as to render her physically and mentally incapable of transacting any business until July 30, 1937, when she filed with the corporation counsel the notice required by section 33.

The plaintiff has moved to strike out the first affirmative defense, wherein the defendant pleads failure to allege compliance with section 33-a, as sham, frivolous, irrelevant, prejudicial and insufficient in law, and the defendant has moved on the pleadings for judgment dismissing the complaint " as demanded in the answer." The Special Term denied the defendant's motion and granted the plaintiff's motion to strike out the first separate defense " on the ground that it is insufficient in law " for the reason that the defendant, in enacting section 33-a, had failed to comply with the provisions of section 22 of the City Home Rule Law in that it had not filed with the Secretary of State a certified copy of section 33-a within the time required by section 22 of the City Home Rule Law, and for that reason the enactment was not available as a defense to the city. The filing of a certified copy of section 33-a with the Secretary of State was not required to give effect to that act. (City Home Rule Law, § 22; *Ayers* v. *City of Buffalo*, 233 App. Div. 330.)

The giving of notice in writing, prior to the accident in question, was a condition precedent which the plaintiff was required to plead and prove in order to maintain this action. (*MacMullen* v. *City*

---

\* Not published in Local Laws, although so adopted. Another section 33-a was enacted by Local Law No. 4 of Geneva Local Laws of 1938.— [REP.

*of Middletown*, 187 N. Y. 37; *Pasquale* v. *City of Saratoga Springs*, 250 App. Div. 808.)

The plaintiff maintains that section 33-a is unconstitutional because it does not provide that a claimant may recover if the city had actual or constructive notice of the defective condition of the walk and failed to remedy it within a reasonable time after such notice, citing *Hayward* v. *City of Schenectady* (251 App. Div. 607). The local law referred to in that case was declared unconstitutional because it attempted and purported to change and supersede section 244 of the Second Class Cities Law, which provided that an action for personal injuries arising by reason of a fall upon a defective sidewalk could be maintained providing the claimant alleged and proved that the city had actual or constructive notice of the defective condition prior to the accident and had failed, within a reasonable time after such notice, to remedy the condition. Section 33-a, so far as we can find, attempts to change or supersede no State law applicable to all cities nor is it subversive of the fundamental law of the State. Under these circumstances section 33-a meets the test of constitutionality. (*County Securities, Inc.,* v. *Seacord*, 278 N. Y. 34.)

Since the complaint should have been dismissed for failure to allege compliance with section 33-a, we are not required to determine, and we do not now determine, whether the notice of claim filed with the defendant's corporation counsel on July 30, 1937, complied with the provisions of section 33 of the defendant's charter. The plaintiff makes no claim that the written notice required by section 33-a was, in fact, given; consequently, leave to serve an amended complaint would serve no useful purpose.

The order should be reversed on the law, without costs of this appeal to either party. The motion to strike out the first separate defense should be denied, without costs. The motion to dismiss the complaint should be granted, without costs.

All concur, except HARRIS, J., who concurs as to the reversal of the order and the denial of plaintiff's motion and the granting of defendant's motion, but votes for granting plaintiff leave to serve an amended complaint alleging compliance with section 33-a of the charter. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Order reversed on the law, without costs of this appeal to either party, and plaintiff's motion to strike out the first separate defense denied, without costs, and defendant's motion for judgment dismissing the complaint granted, without costs.