In the Matter of ALICE MOORE, as Committee of the Person and Property of JOHN F. MOORE, an Incompetent, Petitioner, against CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, June 25, 1948.

*Andrew W. Tully* and *Nathan S. Blum* for petitioner.

*John P. McGrath, Corporation Counsel* (*Joseph M. Eidelberg* of counsel), for respondent.

KOCH, J. Application by committee of an incompetent person for leave to file a notice of claim after expiration of the sixty-day period prescribed by section 50-e of the General Municipal Law of New York. The incompetent person sustained the injuries on February 14, 1947, when he allegedly fell on a stairway leading to a station of a subway owned and operated by defendant city. The present mental condition of said incompetent person is alleged to be the direct result of that accident. Petitioner was appointed as committee of the incompetent by an order entered February 2, 1948, and she duly qualified on March 19, 1948. Acting in this capacity, petitioner retained counsel and this application was made on March 25, 1948.

Subdivision 5 of section 50-e makes provision for applications in instances where the claimant is mentally incapacitated. The

court is empowered to grant leave to extend the time to serve the notice of claim where such incapacity exists beyond the sixty-day period, when application is made within a reasonable time. However, this subdivision further provides that "Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based ". Here, the one-year period has elapsed and the application is therefore barred.

The Legislature, in codifying the existing law in this State with regard to the service of notice of claim upon municipal corporations, has recognized that provision should be made for persons who, due to a disability, are prevented from serving their notices of claim within the sixty-day period. However, the Legislature, while it recognized and permitted extensions of time in such cases, has expressly limited applications to do so to a period of one year after the happening of the event giving rise to the claim.

"Municipal liability for injuries is a matter that is within the control of the legislature and when it is enacted what that liability shall be, and the conditions upon which it may be enforced are prescribed, the statutory provisions are controlling upon the subject." (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198, 203.)

That such a limitation was intended is clear from the legislative history of the present section 50-e. As originally recommended by the Judicial Council, application for leave to serve a notice of claim was to be extended in such cases to a reasonable time after the disability had ceased. This recommendation was not accepted and the section as finally drafted, with one-year limitation, was the result of a compromise (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 23).

While this restriction appears to work a severe hardship in the present instance, in that the injuries sustained are the very cause of the incompetent person's inability to act, and he must rely on another to assert his claim seasonably, this court is powerless, in view of the express limitation laid down by the Legislature.

Motion is accordingly denied.