GRACE GLADSTONE, Plaintiff, *v.* BOARD OF EDUCATION OF ANDES CENTRAL SCHOOL DISTRICT No. 2 OF TOWNS OF ANDES, DELHI AND BOVINA, Defendant.

Supreme Court, Trial and Special Term, Delaware County, March 18, 1952.

*Gleason B. Speenburgh* for plaintiff.

*Warren G. Farrington* for defendant.

ANDERSON, J. This is a motion by the plaintiff to strike out the second defense to the action set forth in the complaint wherein the defendant alleges upon information and belief: " Five: That plaintiff was not so mentally or physically incapacitated within the 60 day period following the accident alleged and set forth in the complaint that a notice of claim could not have been sworn to by or on behalf of the claimant and served on the defendant in accordance with the provisions of Section 50-e of the General Municipal Law of the State of New York."

It appears from the complaint that the plaintiff was injured by a fall on the icy sidewalk of the defendant on December 25, 1949, at 11:00 A.M. That thereafter the plaintiff applied to the Delaware County Court under section 50-e of the General Municipal Law for leave to serve notice of claim (sixty-day statutory period having elapsed). The court granted the order on April 10, 1950. Notice of application was served but the defendant

defaulted in appearance. The defendant moved on April 28, 1950, to vacate the above order and on July 3, 1950, the court denied the motion. The County Judge stated in his memorandum: " Motion to vacate order granted April 10, 1950, is denied with $10 costs to abide event. No determination is made as to whether the neglect of the school district to appear in opposition to the original motion is excusable. The Court decides that the original moving papers show mental or physical incapacity to such an extent that the Court may properly exercise its discretion in favor of the claimant. The fact that her husband or some other person could have made the claim on her behalf does not necessarily require a denial of her application."

The defendant appealed to the Appellate Division, Third Department, from this order. This court unanimously affirmed the order, pointing out that the previous order granting leave to file the claim was made by default, which default has not been adequately excused nor has the default been reopened. " The order was discretionary and we may not say that the lower court abused its discretion." (*Matter of Gladstone* v. *Board of Educ., Andes Central School Dist. No. 2*, 279 App. Div. 701.)

The granting of the order to file the claim in the first instance was a condition precedent to the bringing of the action. Had the order been denied, the plaintiff would have been without remedy. The court may grant such an order in its discretion on proper application and good cause shown if made within the period of one year after the happening of the event upon which the claim is based. (General Municipal Law, § 50-e, subd. 5.) The plaintiff has followed the statute.

Attention is called to the case of *Matter of Moore* v. *City of New York* (195 Misc. 976, revd. 276 App. Div. 585, revd. 302 N. Y. 563). In this case the claimant sought to have leave to file the notice of claim after the expiration of one year after the injuries were sustained, on the ground of mental incapacity of the claimant. The application was denied by Special Term on the ground that section 50-e expressly limits the time to within one year. The Appellate Division reversed the Special Term by divided court and left the question of mental incapacity, if appropriately raised by answer, as a question of fact to be determined by a jury upon the trial of the main action. The Court of Appeals reversed the Appellate Division and affirmed the Special Term. There remained no question of fact as to whether the claimant was mentally or physically unable to file the claim. The claimant simply did not conform to the statute

and the Court of Appeals held that she was prohibited from commencement of suit. The unanimous decision of the Court of Appeals in this case, which is the latest determination of this court on the construction of section 50-e of the General Municipal Law should set at rest any further speculation as to the meaning and intent of this section.

The facts in the case at bar differ in that the one-year limitation had not expired and permission to file the claim was granted upon proper application to file such claim. The Appellate Division sustained the County Court.

The sole question raised on this motion is whether or not the defendant can raise by its answer the defense of the mental and physical condition of the plaintiff as bearing on her capabilities of filing notice of claim within the statutory period therefor. (Sixty days in this case; now ninety days by amendment, L. 1950, ch. 481.)

Section 50-e of the General Municipal Law seems to be clear that this issue shall be determined by the Special Term or County Court before the action is brought. Subdivision 6 of this section outlines the procedure for disposing of corrections, mistakes, omissions, irregularities or defects made in good faith in the notice of claim required to be served. The intent of the Legislature was not to prejudice either party to the action.

If the issue should be left to the trial of the main action and raised by the pleadings, there would be no need for the enactment of section 50-e of the General Municipal Law. However, if it should appear upon the trial of the main action that there was a substantial variance between the testimony and the allegations set forth in affidavits submitted on the application for extension of time, appropriate disposition of this circumstance could well be taken by the trial court.

Motion granted, with $10 costs.