JERRY VALLEY, an Infant, by J. RICHARD VALLEY, His Guardian ad Litem, Respondent, v. CENTRAL SCHOOL DISTRICT No. 1, Towns of Dryden and Groton, Tompkins County, and Harford, Cortland County, Appellant.

J. RICHARD VALLEY, Respondent, v. CENTRAL SCHOOL DISTRICT No. 1, Towns of Dryden and Groton, Tompkins County, and Harford, Cortland County, Appellant.

Third Department, November 12, 1953.

*Louis K. Thaler* for appellant.

*Donald W. Yager* for respondents.

Foster, P. J. Appeal from an order of the Supreme Court, Tompkins County Special Term, which denied defendant's motion to dismiss the complaint in each action, under rule 112 of the Rules of Civil Practice, on the grounds that each complaint failed to state a cause of action. Appellant argues in this court that the complaints do not state a cause of action because they do not allege compliance with section 50-e of the General Municipal Law and section 3813 of the Education Law; and that upon the pleadings and affidavits before the Special Term such compliance was not shown.

The complaint (for brevity the singular is used) alleges that the infant plaintiff, while a student at the central school under the jurisdiction of the defendant, was injured by a power driven rotary saw in use in an industrial arts course. There follow allegations of negligence against defendant. The complaint also alleges: "That due notice of the said accident, injuries and damages resulting therefrom was given to the defendant and receipt thereof acknowledged by the defendant within a thirty-day period immediately following the accident herein alleged and examination of the said accident has been made by the defendant".

An affidavit submitted by the father of the infant states that within a month after his son's accident he was advised by the school authorities to mail a notice to the board of education of the district, stating the date of the injuries and the nature thereof. That he complied with this advice. A copy of the notice does not appear in the record but there is an affidavit from the president of the board of education of defendant which says that such notice was received by the board and filed within a month after the accident. Concededly the notice was not sworn to, but no point as to its contents is otherwise made.

Section 50-e of the General Municipal Law provides that such a notice must be sworn to, served within ninety days after the claim arises, and otherwise provides in part:

" 3. The notice shall be served on the party against whom the claim is made by delivering the notice, or a copy thereof, personally, or by registered mail, to the person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the supreme court issued against such party may be delivered; provided that if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received by such person, officer, agent, clerk or employee and

such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim. * * *

" 6. At or before the trial of an action or the hearing upon a special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby. Application for such relief if made before trial, shall be by motion on affidavits ".

Subdivision 3 of the section was amended by chapter 393 of the Laws of 1951, effective July 1, 1951, by adding the proviso clause. Prior to that this subdivision simply provided for service either personally or by registered mail (L. 1945, ch. 694). Appellant argues that the proviso clause, validating defective service where there has been an examination by the party against whom the claim is made, has no application because it did not become effective until after the date of the accident.

We are not persuaded that this contention is correct, but we think it unnecessary to determine the question. The admission by the board of education, made by its president, that the notice was received and retained, indicates a waiver of the manner of service (*Teresta* v. *City of New York,* 304 N. Y. 440; *Munroe* v. *Booth,* 305 N. Y. 426).

When the motion to dismiss the complaints was made the plaintiffs countered with a cross motion for permission to amend the notice so as to verify the same. The Special Term granted this relief, which was clearly within its discretionary powers as provided in subdivision 6 of section 50-e of the General Municipal Law.

The order should be affirmed, with $10 costs.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order affirmed, with $10 costs.