Samuel W. Eager, J.
This is a motion by the defendants to dismiss the complaint for insufficiency on the face thereof. The action is one to recover for injuries sustained by a school boy through the alleged negligent operation of a school bus. The action is against the Board of Education and the driver of the bus. The accident occurred on October 24, 1952, and the action was not commenced until upwards of two years thereafter. The complaint does not alleges the service of a written notice of claim as required by the provisionse of the General Municipal Law.
The plaintiff claims waiver by the Board of Education of the statutory requirements re service of notice of claim. It is true that a municipality, upon receiving in some form or manner a written notice of claim within 90 days of an accident, may waive irregularities in the manner of service thereof or with respect to the contents or verification thereof; and such a waiver may occur where the municipality retains, accepts and acts upon the claim received as if it were given in full compliance with law. (See Teresta v. City of New York, 304 N. Y. 440; Valley v. Central School Dist. No. 1, 282 App. Div. 533; Bard v. Board of Educ., 140 N. Y. S. 2d 850.)
The allegations of the complaint at bar, however, are not such as to bring this case within the ambit of these decisions.
The allegations of the complaint here are to the effect that the accident was reported to the municipality shortly after the happening thereof; that thereupon it investigated the same and that it acquired full knowledge of the facts surrounding the same within 90 days of the happening thereof; that it directed that the plaintiff be given medical care and promised to *700 pay for the same; and that within the 90-day period and after it and its insurer had received “ notice and medical bills ”, the insurer’s representative came personally to the plaintiff’s home, examined him, discussed the accident with him and entered into settlement negotiations with him. There is no showing, however, that any written notice of claim in any form was ever received by the defendant board, and it does appear that the action was not commenced within one year of the date of the accident.
It is concluded that there is no showing here sufficient to establish a waiver of the statutory requirements for service of a written notice of claim within the 90-day period. Action on the part of representatives of a municipality and of its insurer in proceeding with the investigation of an accident, in discussing and negotiating with the claimant concerning responsibility for the accident and in arranging for medical care of the claimant, conducted in the absence of the service of a written notice of claim, are not to be construed as a waiver of the statutory requirements for formal notice of claim. Clearly, a municipality and its insurer are entitled for their protection to so proceed, whether or not a written claim is filed, and such action is not so inconsistent with the right to have compliance with the statutory requirements as to be deemed to constitute an intentional relinquishment of such right. Many decisions seem to justify the holding that the allegations here do not support the claim of waiver. (See Adonnini v. Village of Mount Morris, 171 Misc. 383; Parsons v. Village of Dannemora, 275 App. Div. 738; Chesney v. Board of Educ., 2 A D 2d 761; Forsyth v. City of Oswego, 191 N. Y. 41; Winter v. City of Niagara Falls, 190 N. Y. 198; Weisman v. City of New York, 219 N. Y. 178; Purdy v. City of New York, 193 N. Y. 521; Newman v. City of Geneva, 2 Misc 2d 646; Hungerford v. Village of Waverly, 125 App. Div. 311.)
The infancy of claimant is not a factor under the circumstances here. Where he did fail to serve a notice of claim and bring an action within one year of the accident, the court is powerless to aid him. (See Matter of Martin v. School Bd. (Long Beach), 301 N. Y. 233.) The complaint is dismissed as against the defendant board and members thereof.
The motion, insofar as it seeks dismissal of the complaint against the defendant bus driver, is denied without prejudice to the pleading by said defendant of facts tending to establish an affirmative defense based upon noncompliance with the alleged statutory provisions. Under the circumstances here, the application and effect of sections 50-b and 50-c of the *701 General Municipal Law to limit the liability of the defendant bus driver should be reserved for determination upon the full development of the facts on a trial or on a motion for summary judgment. The common-law right of plaintiff to sue the bus driver for his negligent acts is not to be limited or restricted except by clear legislative intent to do so (Sandak v. Tuxedo Union School Dist., 308 N. Y. 226); and it does not appear as a matter of law from the complaint that the said sections are applicable. For instance, it does not factually appear that the bus driver was driving a “municipally owned” vehicle, that he was 11 duly appointed ’ ’ by the board to drive the same, or that it was being driven ‘ ‘ in discharge of a statutory duty. ’ ’ (See § 50-b.) The decision of Van Tassell v. Hill (285 App. Div. 584), cited by defendants, was rendered on an application for summary judgment.
The allegations of paragraphs “Ninth” to “Thirteenth” of the complaint are stricken as they have no bearing upon the common-law liability of the defendant bus driver.
Settle order on notice.