LORD & BURNHAM COMPANY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

(Argued May 1, 1929; decided May 28, 1929.)

*Arthur J. W. Hilly, Corporation Counsel* (*Elliot S. Benedict, Paul Livoti* and *J. Joseph Lilly* of counsel), for appellant. Plaintiff failed to either plead or prove a contract binding on the city of New York, since even the emergency of war did not dispense with the making of the contract in suit by the Commissioner of Water Supply, Gas and Electricity, or the execution of a certificate of necessity by him. (*Brady* v. *Mayor, etc., of N. Y.*, 20 N. Y. 312; *Donovan* v. *Mayor, etc., of N. Y.*, 33 N. Y. 291; *Parr* v. *Village of Greenbush*, 72 N. Y. 463; *Dickenson* v. *City of Poughkeepsie*, 75 N. Y. 65; *Smith* v. *City of Newburg*, 77 N. Y. 130; *Walton* v. *Mayor, etc., of N. Y.*, 26 App. Div. 76; *Keane* v. *City of New York*, 88 App. Div. 542; *Lewis* v. *City of New York*, 106 App. Div. 454; *Lyddy* v. *Long Island City*, 104 N. Y. 218;

*Knickerbocker Ice Co.* v. *42nd Street R. R. Co.,* 176 N. Y. 408; *Claflin* v. *Inhabitants of Hopkinton,* 4 Gray [Mass.], 502.) Assuming, without admitting, that section 211 of the Military Law controls exclusively plaintiff's right to payment for the garage frame furnished, the requirements of that section were not complied with, in that the major-general in command, or the commanding officer of the brigade to which the first provisional general officer belonged, did not certify the voucher presented for payment for this expense. (*City of Chicago* v. *Chicago League Ball Club,* 196 Ill. 54; *Commonwealth ex rel. Attorney-General* v. *Sparks,* 201 Ky. 5; *Fallon* v. *Mayor, etc., of New York,* 4 Hun, 583; *Ford* v. *Mayor, etc., of New York,* 4 Hun, 587; 63 N. Y. 640; *Van Iderstine Co.* v. *Barrett Leather Co.,* 242 N. Y. 425; *Jungmann & Co.* v. *Atterbury Bros.,* 249 N. Y. 119.) The city is not estopped to urge its defenses herein by any action of the Deputy Comptroller. (*N. Y. Rubber Co.* v. *Rothery,* 107 N. Y. 310; *Thompson* v. *Simpson,* 128 N. Y. 270; *Borst* v. *Town of Sharon,* 24 App. Div. 599; *Kennedy* v. *Mayor, etc., of N. Y.,* 34 App. Div. 311; *Winter* v. *City of Niagara Falls,* 190 N. Y. 198; *Hungerford* v. *Village of Waverly,* 126 App. Div. 311; *Merwin* v. *City of Utica,* 172 App. Div. 51; *Hinckley* v. *State of New York,* 202 App. Div. 570; 234 N. Y. 309; *Fellmeth* v. *City of Yonkers,* 222 App. Div. 815.)

*Paul T. Davis* and *Ernest F. Griffin* for respondent. None of the provisions of section 419 of the city charter ever applied to the contract which is the subject-matter of the case at bar. (*N. Y. C. R. R. Co.* v. *City of N. Y.,* 131 Misc. Rep. 796; 224 App. Div. 832; *Harlem Gas Light Co.* v. *Mayor, etc.,* 33 N. Y. 309; *N. Y. C. R. R. Co.* v. *West Co.,* 173 App. Div. 263; 224 N. Y. 646; *N. Y. & Queens Elec. L. & P. Co.* v. *N. Y.,* 221 App. Div. 544; *McDonough* v. *Quinn,* 199 App. Div. 302.) The charge was properly incurred by the military authorities as a

necessary expense and, as such, the method of paying is governed by section 211 of the Military Law. (*People ex rel. Stephenson* v. *Bingham*, 205 N. Y. 68; *Danielson* v. *Morse D. D. & R. Co.*, 235 N. Y. 439.) The defendant is estopped by the action of its Comptroller from refusing payment of the bill on the ground that it was not certified by either the major-general in command or the commanding officer of the brigade. (*Abells* v. *City of Syracuse*, 7 App. Div. 501; *City of Newport News* v. *Potter*, 122 Fed. Rep. 321; *Argenti* v. *City of San Francisco*, 16 Cal. 255; *Merwin* v. *City of Utica*, 158 N. Y. Supp. 257.)

LEHMAN, J. In February, 1917, when a declaration of war against Germany was imminent, the Governor of the State of New York, upon the request of the mayor of the city of New York, ordered out some of the military forces of the State to aid the civil authorities in the maintenance of law and order, and especially for the purpose of guarding the water supply system of the city. The action of the Governor was authorized by the provisions of section 115 of the Military Law (Cons. Laws, ch. 36). The necessary expenses incurred in quartering, caring for, warning for duty and transporting the troops must be paid by the city of New York. (Military Law, § 211.)

In December, 1917, a supply officer of a regiment of the State militia ordered from the plaintiff a temporary garage to be delivered within ten days. The agreed price was $1,525. The order was signed by the supply officer. It was approved by the assistant engineer of the city's department of water supply. The plaintiff delivered the garage promptly, but it was not erected till the following spring. It does not appear that the delay was due to any fault of the plaintiff.

The plaintiff, in June, 1918, rendered a bill for $1,525, using printed forms provided by the city. The voucher was certified by the plaintiff's treasurer. It was approved by the regimental supply officer and the acting lieutenant-

colonel. In due course it traveled to the office of the Adjutant-General. It was certified by the Adjutant-General of the State and by his assistant. In May, 1919, it was sent to the office of the Comptroller of the city of New York for payment. The Deputy Comptroller assumed that it was his duty to determine whether the military authorities should have ordered the garage. From time to time, for several years thereafter, the Deputy Comptroller answered inquiries from the plaintiff by letters stating that the claim could not be adjusted till he received further information which had been requested of the Adjutant-General. Finally, in January, 1923, the plaintiff was curtly informed that its claim " has been disallowed for the reason that the City is not liable in the matter."

The plaintiff then began this action. Only from the allegations of the answer did the plaintiff obtain any information as to the reasons why the city claimed it was not liable in the matter. As a fourth defense the city alleged that the order given by the supply officer of the military forces of the State was not valid because it failed to comply with sections 419, 450 and 468 of the charter of the city of New York. As a fifth defense the city alleged that the voucher sent to the Comptroller did not comply with the provisions of section 211 of the Military Law.

Section 419 of the Greater New York charter, and other related sections, provide that contracts for work to be done or supplies to be furnished must be made in accordance with prescribed formalities and signed by designated responsible officers of the city. Doubtless they furnish protection to the city against waste and fraud. It is evident, however, that they apply only to contracts made with the city through the officers and agents of the city. Here the order was given to the plaintiff by the military authorities of the State, who acted in aid of the civil authorities under the order of the

Governor. Liability on the part of the city for supplies furnished upon such an order does not rest upon a contract made with the city and is not subject to the provisions of the city charter relating to the powers of city officers. It is an obligation created by section 211 of the Military Law. Expenses incurred by the military authorities under the conditions specified in that section must be paid. by the city; and the• military authorities, subject to the provisions of the Military Law, and not the officers of the city, must determine when and how such expense shall be incurred. When the voucher was presented to the Comptroller he was required to provide for its payment, provided only that the voucher complied with the provisions of the Military Law.

Unfortunately for the plaintiff the voucher presented to the Comptroller was defective. The statute requires that the vouchers and payrolls must be certified by the commanding officers of the organizations or corps on duty in aid of civil authority and " approved by the major-general, if he be present in command where the duty is performed, or by the commanding officer of the brigade * * * to which, the organizations or corps were attached." We may assume that the lieutenant-colonel who certified the voucher was the commanding officer of the organization or corps on duty; but the statute requires also that the voucher be approved by the major-general or the commanding officer of the brigade, and such approval is lacking here. It may be that the approval of the Adjutant-General and his assistant would be at least as certain a guaranty of the propriety of the voucher as the approval of the major-general or brigade commander, but it is not the guaranty provided by statute.

Doubtless if a private corporation had received the plaintiff's voucher and held it for years without objection as to its form, it would not thereafter be permitted to defeat the plaintiff's claim by objecting to the absence of

approval of the officer named in the statute. The city is in a somewhat different position. Presentation of the voucher in accordance with the statute is a condition precedent to liability of the c ty. It constitutes the only protection afforded to the city against the payment of improper claims. Until there has been compliance with that condition, no officer of the city has authority to make payment, and no officer has power to waive the requirement or to impose liability upon the city by estoppel. (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198.)

When the Comptroller's office discovered the defect in the voucher, it should have called the defect to the attention of the plaintiff. When the plaintiff upon service of the defendant's answer learned that the city would claim that the voucher was technically defective, it should have discontinued the action and presented a voucher in due form. The result is that after litigation to secure payment of a comparatively small sum has proceeded for years, we are compelled to dismiss the complaint because of a technical defect in the claim. The plaintiff can still procure the approval of the voucher by the officer designated in the statute, or his successor in office, and then the city must pay the claim.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts, without prejudice to the commencement of a new action after the presentation of a voucher certified and approved in accordance with the statute.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.