THIRD AVENUE TRANSIT CORPORATION, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

SURFACE TRANSPORTATION CORPORATION OF NEW YORK, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, December 1, 1944.

*Addison B. Scoville, David C. Keane, Jr.,* and *Alfred T. Davison* for plaintiffs.

*Ignatius M. Wilkinson, Corporation Counsel .(Andrew Bellanca* of counsel), for defendant.

COHALAN, J. The plaintiffs operate street cars and buses under city franchises, some going back to trolley and cable car days. These franchises all provide for the payment of compensation to the City of New York based on a percentage of the company's gross receipts from their operations under the franchise. In addition to their normal passenger revenue, plaintiffs received revenue from commercial advertisements carried in their cars and buses. They ask for a declaratory judgment holding that under these outstanding franchises, such revenue be taxable only on the amount (50% or 60% of the gross revenue from advertisers — depending on the period covered) that they receive from a corporation (Surface Transportation Advertising, Inc.) to which they had leased the space used in the cars and buses for advertising. In addition, the plaintiff Surface Transportation Corporation of New York asks for a declaratory judgment holding that under its franchise of November 9, 1940, the revenue it received from its operation of chartered buses during the period January 1, 1940, to November 9, 1940, be held not taxable.

The City contends that the advertising revenues are taxable on the gross (100%) receipts of the advertising company, because the franchises provided that the annual charges or payments were to continue throughout the whole term and further that no transfer of any of these rights granted was to be valid without the City's consent and written assumption by such transferee of all the obligations of the franchise contract, particularly that relating to payments. The City also asserts that the assignee company was a dummy for the plaintiffs and that

the chartered bus revenues of Surface Transportation Corporation of New York for the period between January 1, and November 9, 1940, are taxable.

The plaintiffs ask to refer to previous contracts and arrangements made by them with a third party as a standard for the interpretation of their obligations under their franchises and as an argument that the City is estopped by its former conduct from taking the legal position it now presents.

The Surface Transportation Corporation of New York's franchise of November 9, 1940, under which that company now operates, defines " gross receipts " as revenue " derived from the operation of buses or motor vehicles within the City including receipts from chartered buses and advertising in buses." (Contract of November 9, 1940, § 19.) Section 19 further states that this definition is to apply to " gross receipts referred to above " — namely section 18. Section 18 refers not only to the gross receipts derived from the operations conducted after November 9, 1940, but also to the gross receipts derived during the period January 1, 1940, to November 9, 1940. This clear, unambiguous language as to " chartered buses " is capable of only one construction and makes them taxable, as claimed by the City. Any examination of prior contracts is unnecessary. (*Brainard* v. *N. Y. C. R. R. Co.*, 242 N. Y. 125; *Hopwood Players. Inc.*, v. *Kemper*, 263 N. Y. 380, 384.)

As to " Advertising in cars and buses ", the contracts provide that none of the rights granted are to be assigned or transferred without the City's written consent or without the assumption by a transferee of all the obligations of the franchise contract, especially the requirements with respect to the payments of compensation to the City. (Contract November 2, 1911, pars. " Fourth ", " Sixth ".) No such consent was ever given by the City nor was any agreement filed by such a transferee.

It further appears that Surface Transportation Advertising, Inc. (assignee of the advertising rights) has a total capital of $2,000 consisting of twenty shares, nineteen of which are owned by plaintiff Third Avenue Transit Corporation, and one by Queensboro Bridge Railway Company. The funds for organization were supplied by Third Avenue; it has complete charge of the business and supplies and officers and offices.

I am satisfied that this advertising company is a " dummy " corporation acting for plaintiffs to their advantage and in derogation of the letter and spirit of their franchises. Under these circumstances equity will disregard its corporate existence. (*Berkey* v. *Third Avenue Railway Co.*, 244 N. Y. 84; *Blaustein*

v. *Pan American Petroleum & Transport Co.,* 293 N. Y. 281, 305; *African Metals Corp.* v. *Bullowa,* 288 N. Y. 78.)   The City is not estopped by any prior complaisance or laxity in collecting (*Lord & Burnham Co.* v. *City of New York,* 251 N. Y. 198; *N. Y. City Employees' Retire. System* v. *Eliot,* 267 N. Y. 193).

Judgments for defendant.  Exceptions to each plaintiff. Submit findings and conclusions on notice.