WILLIAM J. POWELL, as Commissioner of the Department of Sanitation and as Treasurer and Trustee of the Relief and Pension Fund of the Department of Street Cleaning of the City of New York, Plaintiff, *v.* FRANCES V. LAWLOR, Defendant.

Supreme Court, Trial Term, New York County, February 15, 1950.

*John P. McGrath, Corporation Counsel* (*Herbert Lefkowitz* and *John F. Kelly* of counsel), for plaintiff.

*Sidney R. Siben* for defendant.

DICKSTEIN, J. The husband of the defendant was employed by the City of New York in its department of sanitation. He died sometime in 1939 and his widow received a pension of $50 per month from the relief and pension fund of the department of street cleaning of the city of New York of which her husband was a member.

Such payments continued until February, 1949, at which time it was discontinued or suspended for the reason that the defendant was employed by the State of New York in its Department of Mental Hygiene and received as such employee a salary in excess of $1,200 annually.

Under the provisions of section 897 of the New York City Charter, " If a person receiving a pension * * * shall hold and receive any compensation from any office, employment or position [in the government of a city, the State, the United States or of a municipal corporation] * * * the payment of said pension * * * shall be suspended and forfeited during and for the time he shall hold and receive compensation from such office, position or employment; * * *."

The provisions of the statute are therefore perfectly clear. The defendant was not entitled to any compensation from the pension fund during the time she was employed by the State of New York.

This action was brought by the City of New York to recover the sum of $3,700, with interest, because of the claim that the defendant received such pension payments illegally from January 1, 1943, to February 28, 1949.

While these payments were made the defendant was not asked whether or not she was employed by the State or any other municipality or by the Federal Government. The only information requested from her as a pensioner was an affidavit regarding her continued widowhood. The defendant was allowed to amend her answer at the trial to include the defense of estoppel. Such estoppel, of course, would be that the defendant had received such payments through mistake either of law or of fact.

If such payment, however, was made under a mistake of law the defendant cannot possibly take advantage of it since payment of public funds or trust funds by agents of municipalities is not subject to the general rule that money paid under a mistake of law may not be recovered back (*New York City Employees' Retirement System* v. *Eliot,* 267 N. Y. 193). To the same effect is *Third Ave. Tr. Corp.* v. *City of New York* (183 Misc. 1027) in which the court states (p. 1030): " The City

[of New York] is not estopped by any prior complaisance or laxity in collecting '' (*Lord & Burnham Co.* v. *City of New York*, 251 N. Y. 198).

The plaintiff is therefore entitled to a judgment for that portion of the moneys paid which is not barred by the Statute of Limitations which would be the period from January 1, 1943, to February 28, 1949, to wit, the sum of $3,700. Thirty days' stay.