SAM GIANNAVOLA, Appellant, *v.* GENERAL RAILWAY SIGNAL COMPANY, Respondent.*

Fourth Department, March 13, 1935.

* See, also, *Schmidt* v. *Merchants Despatch Transportation Co.* (244 App. Div. 606).

*William L. Clay* [*Philip Halpern* and *Milton H. Friedman* of counsel], for the appellant.

*Harris, Beach, Folger, Bacon & Keating* [*Paul Folger* of counsel; *Harlan F. Calkins* with him on the brief], for the respondent.

*Eugene Raines, amicus curiæ*, for Whitmore, Rauber & Vicinus and another.

*Oviatt, Gilman, O'Brien & Barnsdale, amici curiæ*, for American Piano Company and others.

*Moser & Reif* [*Lathrop D. Marsland* of counsel], *amici curiæ*, for the Flower City Charcoal Company

CROSBY, J. This is an appeal from an order dismissing the amended complaint pursuant to rule 107 of the Rules of Civil Practice, on the ground that the Statute of Limitations had run against the cause before this action was commenced.

The amended complaint alleges a cause of action in negligence and nothing more. Appellant seeks to have it held that he has also alleged a cause of action in nuisance and also one for breach of the Labor Law, as well as a cause in negligence.

As was said in *McFarlane* v. *City of Niagara Falls* (247 N. Y. 340, 344, 345): " There has been forgetfulness at times that the forms of actions have been abolished, and that liability is dependent upon the facts and not upon the name. * * * It would be intolerable if the choice of a name were to condition liability."

Alleged negligence of the defendant is the basis of this cause, and calling it by a variety of other names does not alter the facts.

As to the claim that a cause of action is alleged for breach of the Labor Law, we think that a breach of that statute does not create

a cause of action separate from negligence. The Labor Law merely defines more specifically than the common law the master's duty, neglect of which furnishes the basis for the common-law action of negligence.

It was said in *Koester* v. *Rochester Candy Works* (194 N. Y. 92, 95): "The Labor Law makes a violation of its provisions a misdemeanor, but does not give a civil remedy therefor to the party injured. Nevertheless it was held by this court in *Marino* v. *Lehmaier* (173 N. Y. 530, 534) that a violation of the statute was *per se evidence of negligence* for which a jury might find the defendant liable." (Italics mine.) (See, also, *Marion* v. *Coon Construction Co.*, 216 N. Y. 178; *Valenti* v. *Mesinger*, 175 App. Div. 398; *Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 437; *Luce* v. *N. Y., C. & St. L. R. R. Co.*, 213 App. Div. 374; affd., 242 N. Y. 519.)

There being, then, but one cause of action, and that based on negligence, the three-year Statute of Limitations applies (Civ. Prac. Act, § 49, subd. 6). The decision below proceeds upon the theory that there is no issue of fact, triable by a jury, as to the date from which the statute begins to run. In this we think the Special Term was in error. The amended complaint alleges that "for a period of approximately thirteen years and ending on or about the 15th day of October, 1930, the plaintiff was employed by the defendant as a molder," etc., and that, through defendant's negligence, he was subjected to the breathing of silica dust, and "that as a result of the plaintiff's exposure to and inhalation of said dusts, as aforesaid, he was caused to sustain severe and serious injuries and disease."

Plaintiff commenced his action within three years from October 15, 1930, his last day of employment, as alleged in his amended complaint. Defendant's affidavits, on the motion, allege that plaintiff's last day of employment by defendant was August 21, 1930, more than three years before the commencement of this action. These affidavits are met by one from plaintiff stating when his employment by defendant began, and stating further, "that such employment thereafter continued as alleged in the complaint."

Even though defendant's affidavits are corroborated by its books, payrolls and pay checks, etc., we think that the time when plaintiff's employment terminated is an issue to be tried by a jury. Rule 108 of the Rules of Civil Practice provides for a jury trial of a question of fact pending the decision of a motion made under rule 107. Such trial was not had, and we think that rule 107 was not intended to deprive parties of the right to trial by jury of disputed questions of fact. That could not be done. (N. Y. Const. art. 1, § 2.) (See, also, *Herzog* v. *Brown*, 217 App. Div. 402; affd., 243 N. Y. 599.)

This is not like a motion for summary judgment where issues can be determined on affidavits.

Another question has been argued with thoroughness, namely, whether the cause of action accrues and the Statute of Limitations begins to run, at the latest, on the last day of plaintiff's employment in defendant's plant, or whether the cause of action accrues and that statute begins to run only when the disease of silicosis has its beginning.

In our view of this case that question is not involved here; and the decision of it should await a case in which there is no question of fact that the employment terminated more than three years before the commencement of the action.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.