RALPH WOERNLEY, Appellant, *v.* ELECTROMATIC TYPEWRITERS, INC., Respondent.

Fourth Department, May 22, 1935.

*William L. Clay,* for the appellant.

*John J. Reilly* and *Stephen V. Lines,* for the respondent.

PER CURIAM. We pass upon the complaint here before us in the light of our decisions in *Giannavola* v. *General Railway Signal Co.* (244 App. Div. 65) and *Schmidt* v. *Merchants Despatch Transportation Co.* (Id. 606), and the companion cases decided with the latter case, and hold that the first part of the complaint sufficiently states a cause of action in alleging a violation of a statute of the State with damages resulting. (*Martin* v. *Herzog*, 228 N. Y. 164; *Amberg* v. *Kinley*, 214 id. 531.) The first and fifth separate causes of action are, to be sure, but statements of different specifications or theories of negligence and while there is surplusage in the statements, nevertheless they should both be retained in the complaint to the end that the plaintiff may present fully to the court his claims of negligence on whatever theory predicated. The second alleged cause of action in contract is insufficient in that it does not contain allegations showing that damages flowed from the violation of the " contract," even if construed as a contract, and the third and fourth causes of action we hold to be fully covered by the parts of the complaint permitted to stand. It should be noted that in the *Giannavola* and *Schmidt* and companion cases referred to above, the decisions were based upon a construction of the provision of rule 107 relating to the Statute of Limitations, while here no such matter is involved for the motion to dismiss was made under rule 106 on the ground that the facts alleged in each separate count did not state a cause of action.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Order reversed on the law in so far as it dismisses the part of the complaint which precedes the words " and for a second and separate cause of action," and the part of the complaint entitled " fifth separate and further cause of action," and motion denied as to said parts of the complaint, and otherwise affirmed, without costs.