ORVILLE GERHARDT, Respondent, v. HELEN M. NORTON and MARIE H. MAEDER, Appellants.— Judgment and orders affirmed, with costs. All concur, except Lewis, J., who dissents as to defendant Maeder and votes for reversal on the law and a new trial as to her. (The judgment awards damages for personal injuries in an automobile negligence action. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

JOHN H. SAULSMAN, an Infant, by LORIN E. MASON, Respondent, v. FREDERICK A. MANN, Appellant.— Judgment affirmed, with costs. All concur. (The judgment affirms a City Court of Rochester judgment in an automobile negligence action.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

MARY S. JAMESON, Respondent, v. WILLIAM H. PAYNE, Appellant.— Judgment and order reversed on the law and the facts, with costs, and complaint dismissed, with costs, on the ground that the finding of the jury that the plaintiff was free from contributory negligence was contrary to and against the weight of the evidence and on the further ground that the finding of negligence on the part of the defendant was against the weight of the evidence. Memorandum. The record is devoid of any evidence that the plaintiff exercised care in crossing the street. A statement of looking and failing to see what is in plain sight is not the exercise of care as required by law. All concur. (The judgment was for damages in an automobile negligence action. The order denied a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

THOMAS JAMESON, Respondent, v. WILLIAM H. PAYNE, Appellant.— Judgment and order reversed on the law and the facts, with costs, and complaint dismissed, with costs, on the ground that the finding of the jury that the plaintiff's wife was free from contributory negligence was contrary to and against the weight of the evidence, and on the further ground that the finding of negligence on the part of the defendant was against the weight of the evidence. Memorandum. The record is devoid of any evidence that the plaintiff's wife exercised care in crossing the street. A statement of looking and failing to see what is in plain sight is not the exercise of care as required by law. All concur. (The judgment was for damages in an automobile negligence action. The order denied a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

GEORGE F. FEOLA, Appellant, v. NATIONAL BRASS MANUFACTURING COMPANY and Another, Respondents.— Order modified and as modified affirmed, without costs. Memorandum. We find the third alleged cause of action defective and the first, second, fourth, fifth and sixth alleged causes redundant and repetitious when the seventh alleged cause of action is considered. All concur. (The order dismisses six causes of action alleged in the complaint, in an action to recover damages resulting from contracting silicosis.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.