ANNA PINE, as Administratrix, etc., of LOUISE PINE, Deceased, Respondent, *v.* WATERBURY CLOCK CO., INC., Defendant, Impleaded with THE ANSONIA CLOCK COMPANY, INC., Appellant.

First Department, December 13, 1935.

*Abner Schoen* of counsel [*C. Monteith Gilpin,* attorney], for the appellant The Ansonia Clock Company, Inc.

*Maurice Edelbaum* of counsel [*Edward J. Reilly,* attorney], for the respondent.

PER CURIAM. We think the cause of action alleged in the amended complaint is for negligence and not for nuisance and that accordingly it is barred by the three-year Statute of Limitations (Civ. Prac. Act, § 49). It is alleged that the defendant furnished to plaintiff's intestate, its employee, a poisonous radium compound to be used in connection with her work. The charge is that the appellant " wrongfully, unlawfully and negligently provided for the use of plaintiff's intestate   *   *·   *   and left in close proximity to her over a long period " this poisonous compound, solely by reason of which plaintiff's intestate died.

The gravamen of the action is the act of the defendant in continuously furnishing to its employee a destructive substance which it permitted to remain in close proximity to her. The plaintiff does not allege that the possession of the compound or its use under proper conditions was wrongful or that under those circumstances it would have been detrimental to health and would have constituted a nuisance. It is the negligent use of the compound of which the plaintiff complains, precisely as she might complain of any other lawful appliance which might be converted into a source of danger by the manner in which it was used. The precise question presented was considered by the Appellate Division of the Fourth Department in *Giannovola* v. *General Railway Signal Co.* (244 App. Div. 65), where it was held that such a cause of action was not in nuisance but for negligence and that it would be barred after the lapse of three years from the last date on which the injuries occurred.

The order should, therefore, be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

Present — MARTIN, P. J., MERRELL, McAVOY, O'MALLEY and UNTERMYER, JJ.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.