JOSEPH SPEZIALE, Plaintiff, *v.* NATIONAL BRASS MANUFACTURING COMPANY, Defendant.

Supreme Court, Monroe County, February 20, 1937.

*William L. Clay,* for the plaintiff.

*Mann, Strang, Bodine & Wright,* for the defendant.

VAN VOORHIS, J. This action is brought to recover for personal injuries claimed to have been suffered by the plaintiff as a result of breathing silica dust and poisonous substances in the atmosphere on the premises of the defendant as its employee. The gravamen of the action is intended to be fraud. The complaint alleges that before commencing his employment and during and throughout his employment by the defendant, the defendant represented to

the plaintiff that the factory and workrooms of defendant in which he was employed did not contain substances injurious to health, which representations were known by the defendant to be false and untrue, and that the defendant fraudulently concealed from the plaintiff what is alleged to have been the injurious and poisonous nature of the atmosphere in and about its premises, and that the plaintiff relied upon the truth of said representations, and that in consequence of the alleged fraudulent concealment of the true condition of the premises by the defendant, he sustained the personal injuries for which he sues.

The defendant moves for a dismissal of the complaint upon the merits on the grounds that it fails to state facts sufficient to constitute a cause of action, that the action was not brought within the time prescribed by the Statute of Limitations, and upon the further ground that the action is barred upon the merits by a prior determination of the issues tendered by the complaint.

Similar allegations in complaints in other silicosis actions have already been passed upon by the courts. In *Feola* v. *National Brass Mfg. Co.* (246 App. Div. 678), it is stated: " We find the third alleged cause of action defective, and the first, second, fourth, fifth and sixth alleged causes redundant and repetitious when the seventh alleged cause of action is considered." Referring to the record on appeal, it appears that the seventh alleged cause of action is based upon negligence, and that the fourth cause of action, which is held to be redundant and repetitious of the seventh cause of action, contains the same allegations of fraud which are set forth in the complaint in the present action except the allegation of concealment, which is supplied by the thirteenth paragraph of the complaint in the second cause of action, which is also held repetitious and redundant of the seventh cause of action. In other words, every allegation which is contained in the complaint in the present action was contained in the complaint in the case cited, and was held by the Appellate Division to add nothing to the cause of action for negligence therein alleged.

In *Woernley* v. *Electromatic Typewriters, Inc.* (244 App. Div. 679), Fourth Department, it is held that the third and fourth causes of action in the complaint therein are fully covered by the portions of the complaint alleging negligence. Reference to the record on appeal shows that the third alleged cause of action, which was thus held to be equivalent to an allegation of negligence, was drawn in the language of fraud.

In *Schmidt* v. *Merchants Despatch Transportation Company* (270 N. Y. 287) the theory of similar allegations is thoroughly considered. The court said (270 N. Y. 302): " The gist of the

wrong alleged in the second, third and fourth causes of action is an injury resulting from negligence although the pleader has attempted to set forth causes of action which in form are for damages caused by nuisance, breach of contract and fraudulent misrepresentation. In the Appellate Division the judges, who on other grounds dissented from the decision, agreed with the majority that these causes of action are all subject to the three-year period of limitation, just as if, in form as well as in substance, recovery were sought for damages arising from an injury caused by negligence." To the same effect see *Michalek* v. *United States Gypsum Co.* ([C. C. A. 2d] 76 F. [2d] 115; revd. on other questions, 298 U. S. 639; 56 S. Ct. 679); *Daurizio* v. *Merchants Despatch Transportation Co.* (152 Misc. 716).

Allegations of fraudulent concealment of an alleged dangerous condition were held to be sound in negligence in *Abreu* v. *American Laundry Machine Co.* (248 App. Div. 807, 813); *Johnson* v. *Certain-Teed Products Co.* (Id. 941; leave to appeal to the Court of Appeals denied by Court of Appeals, January 12, 1937).

In view of these decisions there appears to be no question that the complaint in the present action alleges a cause of action in negligence rather than in fraud. The pleader, doubtless foreseeing the consequences, has endeavored to escape this conclusion by setting forth in the sixth paragraph of the complaint that " none of the acts of the defendant herein alleged were acts of negligence, and that no negligence is claimed by this plaintiff as against the defendant." This allegation is a mere conclusion of law and is without effect as characterizing the alleged cause of action.

If this complaint states any cause of action it is a cause of action in negligence, and this cause of action is barred by the dismissal of the complaint in a prior action by the same plaintiff against the same defendant and Henry Wray & Sons, Inc., by order of Justice WILLIAM F. LOVE, entered in the Monroe county clerk's office October 5, 1935, upon the ground that no cause of action alleged in the complaint therein accrued within the period of the Statute of Limitations. The complaint in the prior action not only set forth a cause of action arising out of the provisions of the Labor Law, but also causes of action purporting to be for nuisance, fraudulent concealment and breach of contract which, under the decisions above cited, are all to be construed as sounding in negligence. The papers upon the motion before Justice LOVE show that the defect that the causes of action did not accrue within the time limited by law for the commencement of an action thereon did not appear on the face of the complaint, but from the moving affidavits, which set forth that the plaintiff had never been employed by

National Brass Manufacturing Company, one of the defendants therein and the sole defendant herein, and that he had not been employed by Henry Wray & Sons, Inc., the other defendant therein, since August 27, 1928. No issue was raised upon that motion by any affidavits in reply as to the truth of these extrinsic facts set forth in the moving affidavit. The court, in basing its decision upon that motion on the Statute of Limitations, evidently held that the moving affidavit of the said defendant setting forth that the plaintiff had never been in its employ was equivalent to a statement that he had not been in the National Brass Manufacturing Company's employ within the time limited by the Statute of Limitations, which it was entitled to show under rule 107 of the Rules of Civil Practice, and that, in view of the failure of the plaintiff to show by replying affidavit that he had been in the employ of the National Brass Manufacturing Company within the period of the Statute of Limitations, that the National Brass Manufacturing Company was entitled to its relief under subdivision 6 of rule 107.

While it is true that in the present motion in the present action the plaintiff has submitted a reply affidavit so as to place in issue the statement in one of the moving affidavits that he never was employed by this defendant, he cannot thereby overcome the binding effect of the decision in the former action. He had the opportunity to submit such an affidavit there, and to prevent the National Brass Manufacturing Company from obtaining the relief which was there granted under subdivision 6 of rule 107 of the Rules of Civil Practice by showing that there was an issue of fact as to when the cause of action accrued, which could not be disposed of by motion under that rule. Not having done so then, he cannot do so now, and the former determination must, therefore, be regarded as determinative of the present action inasmuch as the alleged cause of action herein and the second and third causes of action therein not only are for the same injuries arising out of the same alleged wrongful acts and omissions, but also are in truth and in fact predicated upon the same theory of liability, viz., negligence.

If the conclusion which I have drawn from the decided cases is erroneous that the complaint herein states a cause of action in negligence rather than in fraud, the same result must be reached inasmuch as the second alleged cause of action in the complaint in the former action, which has been dismissed by the former adjudication, is likewise drawn in the language of fraud. Although the word " fraud " is not expressly employed, it is alleged that the defendants willfully and knowingly created the injurious condition alleged to have existed, and, having such knowledge, concealed it

from the plaintiff, who did not become aware of the dangerous character thereof until after he had sustained the injury complained of. While it is true that the complaint in the present action alleged affirmative misrepresentations by the defendant that the air was pure as well as fraudulent concealment that it was impure, the gist of the claim in either case would appear to be the same fraudulent design if either cause of action is held to be in fraud rather than negligence. Moreover, the damages which in the present action the plaintiff claims to have suffered are alleged under the seventh paragraph to have resulted entirely from the alleged acts of fraudulent concealment without reference to any fraudulent misrepresentations.

Thus, under any view of the case, the cause of action alleged in this complaint is identical with the second cause of action alleged in the complaint in the former action and involves the same legal theory of liability.

The defendant's motion to dismiss the complaint upon the merits is granted, with ten dollars costs.