PATRICK CARMODY and BRIDGET CARMODY, Respondents, v. ROYAL DEVELOPMENT COMPANY, Appellant, and Four Other Actions.— Order affirmed, with ten dollars costs and disbursements. Memorandum: The plaintiffs allege as one of the grounds of misrepresentation, that the defendant represented to them, when they purchased their shares from it, that the " Company was in actual production " and that this representation was false and fraudulent. The defendant has moved under subdivision 6 of rule 107 of the Rules of Civil Practice to dismiss the complaints on the ground that the alleged causes of action did not accrue within the time limited by law for the commencement of actions thereon. Concededly, save for one carload of ore, the defendant company has never produced anything from its mine. Notwithstanding this fact, we think, upon the whole record, that there are disputed questions of fact as to when the plaintiffs actually discovered the fraud, wholly or in part, alleged to have been practiced upon them. Under the facts the order of the Special Term sending this question to a jury as provided in rule 108 of the Rules of Civil Practice was properly made. (*Giannavola* v. *General Railway Signal Co.*, 244 App. Div. 65, 67.) What is meant by a discovery of the facts constituting the fraud charged in a given case ordinarily raises a mixed question of law and fact. (*Higgins* v. *Crouse*, 147 N. Y. 411, 415.) Failure to discover all the details of the alleged fraud does not prevent the statute from running. (*Sielcken-Schwartz* v. *American Factors, Ltd.*, 265 N. Y. 239, 246.) Under the facts before us, we cannot determine the date when the plaintiffs discovered that the mine was not in production. All concur. (The order denies motions by defendant to dismiss plaintiffs' complaints in each of five actions, and directs a jury trial of an issue of fact.) Present — Crosby, P. J., Cunningham, Taylor and Dowling, JJ.

LEO A. BERGEY, Respondent, v. ROYAL DEVELOPMENT COMPANY, Appellant, and Fifteen Other Actions.— Same decision and like cause of action as in companion case last above. Present — Crosby, P. J., Cunningham, Taylor and Dowling, JJ.

In the Matter of the Application of HOWARD HOUSMAN, Appellant, for an Order of Mandamus against JOHN J. DEEGAN and Others, Trustees, Constituting the Village Board of the Village of Solvay, New York, Respondents.— Order affirmed, without costs of this appeal to any party, on the authority of *Matter of Scahill* v. *Drzewucki* (269 N. Y. 343); *Wood* v. *City of New York* (274 id. 155, 159); *Palmer* v. *Board of Education* (276 id. 222); *Matter of Gainey* v. *Village of Depew* (257 App. Div. 918); *Matter of Newell* v. *City of Buffalo* (261 N. Y. 369, 375.) All concur. (The order denies petitioner's application for a mandamus order to reinstate petitioner's salary at $165 per month, to which he claims to be entitled as an honorably discharged World war veteran and exempt volunteer fireman.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.