WILLIMAY CHAVERS, an Infant, by ELLEANA CHAVERS, Her Guardian ad Litem, Appellant, *v.* CITY OF MOUNT VERNON, Respondent.

Submitted May 15, 1950; decided July 11, 1950.

636

*Garry J. Fury* and *Ray W. Aylesworth* for appellant.
*James M. Gilleran* and *John J. O'Connor* for respondent.

Judgment affirmed, without costs, upon the authority of *Matter of Martin* v. *School Bd.* (*Long Beach*) (301 N. Y. 233), decided herewith.

Concur: LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE and FULD, JJ. FROESSEL, J., dissents in the following opinion in which CONWAY, J., concurs.

FROESSEL, J. (dissenting). A somewhat different situation is presented here than in *Matter of Martin* v. *School Bd.* (*Long Beach*) (301 N. Y. 233), decided herewith. There we dealt with the procedure established by section 50-e of the General Municipal Law, whereby the court on application is given a limited discretion with respect to the serving of notices of claim. Here the complaint was dismissed on motion, and without a trial of the uncontroverted issue of impossibility of performance, alleged in paragraph eleventh of the complaint.

The requirement with respect to the serving of a notice of claim is " an essential part of a complainant's cause of action ", and compliance must be pleaded like any other condition precedent, unless there is pleaded " an excuse for delay in performance ", caused by " the inability of the injured person to comply." (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198,

203; *Walden* v. *City of Jamestown,* 178 N. Y. 213, 217; *Whiteside* v. *North Amer. Accident Ins. Co.,* 200 N. Y. 320, 323.) Here there is such a plea in a common-law action, and thus an issue of fact is presented on which plaintiff is entitled to a trial by jury or by a trial court if the jury is waived. (*Russo* v. *City of New York,* 258 N. Y. 344, 348; *Forsyth* v. *City of Oswego,* 191 N. Y. 441, 444; *Smith* v. *Western Pacific Ry. Co.,* 203 N. Y. 499; *McGurty* v. *Delaware, L. & W. R. R. Co.,* 172 App. Div. 46; *Giannavola* v. *General Ry. Signal Co.,* 244 App. Div. 65; 170 A. L. R. 383, 384.) To construe section 50-e of the General Municipal Law as depriving plaintiff of this right would cast grave doubt upon its constitutionality (N. Y. Const., art. I, § 2).

For the foregoing reasons, in addition to those set forth in the dissenting opinion in *Matter of Martin* v. *School Bd. (Long Beach)* (*supra*), I am of the opinion that the complaint, as a matter of pleading, sets forth a cause of action.

The judgment and order appealed from should be reversed and the motion denied, with costs.