In the Matter of PAUL J. BANAS, an Infant, by ANN BANAS, His Guardian ad Litem, Petitioner, against CITY OF SYRACUSE, Respondent.

Supreme Court, Special Term, Onondaga County, January 27, 1953.

*Sydney C. Blumberg* and *Henry E. Taylor* for petitioner.

*George L. Richardson, Corporation Counsel* (*Robert Z. Sgroi* of counsel), for respondent.

GORMAN, J. " Prior to the enactment in 1945 (L. 1945, ch. 694) of section 50-e of the General Municipal Law there were many decisions relative to the late filing of claims in cases of infants that are of little value now." (*Matter of Hogan* v. *City of Cohoes,* 279 App. Div. 282, 285.) It was assumed in the above case that the principle of discretionary power in the courts to grant relief to young infants had not been destroyed by the statute, within the limits of one year.

It is now the law that a viable child, injured while *en ventre sa mere,* who survives such injury, may recover for injuries suffered by reason of the negligence of another. (*Woods* v. *Lancet,* 303 N. Y. 349.) The instant question concerns the power of this court to grant permission for late filing of a notice of claim against a municipality in such a case, after the statutory period for such filing has expired.

The right of citizens to bring suit against a municipal corporation for alleged negligence in the performance of a governmental function is purely statutory in its origin. It may be granted upon such conditions as the Legislature, in its wisdom, sees fit to impose. The fact that one seeking the benefit of the statute was unable to give notice, or cause it to be given, affords no excuse for a failure to comply with the terms of the statute. (*Matter of Brown* v. *Board of Trustees of Town of Hamptonburg School Dist.,* 303 N. Y. 484, 490.) Under no circumstances may the court grant leave to file a notice of claim after one year has elapsed. (*Matter of Martin* v. *School Bd. of Union Free Dist. No. 28, Long Beach,* 301 N. Y. 233; *Matter of Moore* v. *City of New York,* 302 N. Y. 563; *Chavers* v. *City of Mount Vernon,* 301 N. Y. 634; *Matter of Brown* v. *Board of Trustees of Town of Hamptonburg School Dist., supra.*)

The motion is denied, without costs.