■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT TUMEN, Appellant.— Appeal (1) from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant after trial of conspiracy, and (2) from the sentence of one year in the New York City Penitentiary. Judgment unanimously affirmed. No opinion. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. ,Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ EMILY SPERANZA et al., Respondents, v. CITY OF NEW YORK, Appellant.— In an action by a wife to recover damages for personal injuries and by her husband for medical expenses and loss of services, the appeal is from an order granting leave to respondents to serve an amended notice of claim (General Municipal Law, § 50-e, subd. 6) and leave to serve a supplemental summons and amended complaint. Order reversed, with $10 costs and disbursements, and motion denied. Respondent Emily Speranza was injured when she fell on a roadway. At that time she was about six months pregnant. Timely notice of claim for damages for her injuries and of her husband's claim for medical expeness and loss of services was served upon the appellant. Subsequently the child was born normally. More than two years after the accident and the birth, respondents moved for leave to serve an amended notice of claim so as to include a claim for injuries to the child allegedly suffered while he was *en ventre sa mere* at the time she fell on the roadway, and for leave to serve a supplemental summons and amend complaint setting forth a cause of action on behalf of the child to recover damages for personal injuries. The motion was granted on the authority of subdivision 6 of section 50-e of the General Municipal Law and *Matter of Charlemagne* v. *City of New York* (277 App. Div. 689, affd. 302 N. Y. 871). The facts do not establish any mistake, omission, irregularity, or defect which might be corrected under subdivision 6. The notice heretofore served states no claim on behalf of the infant. The application is actually one to serve a notice of claim on behalf of an infant. It is unauthorized for having been made after the one-year period stated in subdivision 5 had expired. (See *Matter of Banas* v. *City of Syracuse*, 204 Misc. 201, affd. 282 App. Div. 826, motions for leave to appeal denied 282 App. Div. 850, 306 N. Y. 981.) Murphy, Ughetta and Hallinan, JJ., concur; Beldock, Acting P. J., and Kleinfeld, J., dissent and vote to affirm, with the following memorandum: Where the original notice of claim is for personal injuries, a second notice of claim for wrongful death is not necessary in the event of the death of the original claimant. (*Holmes* v. *City of New York*, 269 App. Div. 95, affd. 295 N. Y. 615.) By similar reasoning, since in the case at bar the original notice of claim contained notice of a possible wrongful death action, it should not be necessary to serve a second notice of claim for personal injuries. Therefore, in our opinion, this .is a case of an amendment under subdivision 6 of section 50-e of the General Municipal Law, and not a case of a new claim under subdivision 5. Discretion was properly exercised in granting leave to amend.