Jacob J. Schwartzwald, J.
Petitioner moves pursuant to section 50-e of the General Municipal Law for leave to file a late notice of claim.
The moving papers show that petitioner, while a passenger on the Broadway BMT Line on November 12,1958, was allegedly the victim of an unprovoked assault by another passenger who first displayed a badge and said he was a policeman; that when the train reached the next station (Hewes Street) the stranger exited just as the doors were closing; that petitioner reported the incident to the police of the Marcy Avenue station, was treated for his injuries at the Greenpoint Hospital, and thereafter made a similar report to the 83rd Precinct at Wilson Avenue as suggested; petitioner gave the police a description of his assailant but asserted he had never seen him before, nor was he certain that such stranger was in fact a policeman.
*750 It is uncontradicted that the statutory period expired on February 10, 1959 and the motion papers were served on March 20, 1959. To excuse the delay petitioner states he did not know the identity of the stranger until February 27, 1959, recognition came while reading the “ El Diario de Nueva York ” newspaper of that date, the alleged assailant’s photograph appeared therein in connection with a news item which referred to him as a police officer of the City of New York. Movant, as heretofore instructed at the police station (supra), notified the Police Department and the assailant was apprehended.
Respondents oppose the granting of leave on the ground that petitioner was not disabled within the meaning of the statute through the entire statutory period.
A notice of claim must be filed within the period prescribed by section 50-e of the General Municipal Law. That section (§ 50-e, subd. 1), as here pertinent, requires that in any case founded upon tort, where a notice of claim is required by law as a condition precedent to the commencement of an action against a public corporation, the notice shall be given within 90 days (L. 1950, ch. 481, eff. Sept. 1, 1950) after the claim arises. The section further recites the manner, contents and written form of such notice.
The section of the law invoked by petitioner empowers the court in its discretion to permit late filing when application is made within one year from the happening of the event “ [w]here the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor (§ 50-e, subd. 5) ”.
Movant is an adult, and the papers show that his failure to file was not caused by his mental or physical incapacity. The facts as here presented cannot result in excepting such failure from conformity with the statute’s requirements. Even were the court to assume, arguendo, that petitioner’s report of the assault (well within the statutory period) to the Police Department as the moving papers describe it cannot act as a waiver of the required notice (McGuire v. City of New York, 116 N. Y. S. 2d 163). Wise or unwise, fair or harsh, that law (§ 50-e, supra) is as binding on the courts as it is on this petitioner and on everyone else (Matter of Martin v. School Bd. [Long Beach], 301 N. Y. 233, 239, affg. 275 App. Div. 1042 [2d Dept.]).
Accordingly, the court is constrained to deny the application and the petition is therefore dismissed.
Settle order on notice.