In the Matter of MARC N. COHEN, an Infant, by His Guardian ad Litem, JACK COHEN, Respondent et al., Claimant, v. CITY OF NEW YORK et al., Appellants.— In a proceeding pursuant to section 50-e of the General Municipal Law, the City of New York and the Board of Education of the City of New York appeal from an order of the Supreme Court, Queens County, dated March 20, 1962, which granted leave to the infant claimant to serve a late notice of claim. Order affirmed, with $10 costs and disbursements. On January 4, 1961 the infant claimant sustained injury at the Forest Hills High School in Queens. On January 9, 1961 the claimant and a witness submitted reports of the accident to the secretary of the assistant principal. While in his office, another secretary told the claimant that he could not sue the Board of Education. Claimant related this to his father, who, in reliance thereon, did not consult an attorney and believed that the board would process the claim on the basis of the claim as filed with it. On or about November 17, 1961 the father consulted an attorney. On December 26, 1961 the attorney, by an application returnable January 3, 1962, moved in the Supreme Court for leave to serve a late notice of claim. On January 18, 1962, Special Term denied the motion " with leave to renew within ten days after service of a copy of the order to be entered hereon upon papers showing that the disability of infancy was responsible for the delay." No order was served or entered by any party upon this decision. On February 5, 1962 claimant renewed the application. Appellants opposed it, contending that the claim is barred because: (a) the renewal application was made more than a year after the cause of action had accrued, and (b) the delay was not due to the disability of infancy. Concededly, leave to serve a late notice of claim may not be granted after the expiration of one year from the time the action accrued (*Matter of Martin* v. *School Bd.* [*Long Beach*], 301 N. Y. 233). However, since the original application was returnable on January 3, 1962 (the accident occurred on January 4, 1961) and denied on January 18, 1962 with leave to renew, we are of the opinion that under the circumstances herein the renewal on February 5, 1962 was within the applicable time limitation. This case is distinguishable from *Chavers* v. *City of Mt. Vernon* (301 N. Y. 634), and others of like import, where there was sufficient time after the denial of the original application to make the renewed application within the applicable time limitation. Here the original application was timely made, but its denial (with leave to renew) occurred after the one-year limitation period had expired. The renewed motion was thereafter made within the time granted by the court. The situation here is analogous to the situation: (a) where an action has been stayed by an order of the court (Civ. Prac. Act, § 24) ; and (b) where, after the timely commencement of an action, it is prematurely terminated without the fault or neglect of the plaintiff and without a judgment on the merits (Civ. Prac. Act, § 23). In any such event, the statute extends plaintiff's time for the effective prosecution of his action. We are also of the opinion that the delay in the case at bar was attributable in some measure to the disability incident to infancy (*Biancoviso* v. *City of New York*, 285 App. Div. 320; *Matter of Pandoliano* v. *New York City Tr. Auth.*, 17 A D 2d 951). Nor, in our opinion, was a delay of about six weeks after being retained in moving for the relief sought, unreasonable. Beldock, P. J., Hill and Rabin, JJ., concur; Ughetta and Christ, JJ., dissent and vote to reverse the order and to deny the application on behalf of the infant claimant, with the following memorandum: It is now firmly established that the court is without power to extend the one-year

period within which an infant may apply for leave to file a notice of claim after expiration of the 90-day period (*Matter of Moore* v. *City of N. Y.*, 302 N. Y. 563; *Matter of Martin* v. *School Bd.* [*Long Beach*], 301 N. Y. 233, *supra*; *Ingber* v. *Board of Educ.* [*Cent. School Dist. No. 1*], 278 App. Div. 873; *Chavers* v. *City of Mt. Vernon*, 276 App. Div. 855, affd. 301 N. Y. 634). Moreover, denial of a motion without prejudice to renewal merely leaves the movant in the same position as if the motion had not been made (60 C. J. S., Motions and Orders, 48, § 45). Here, the court was presented with papers on the original motion which it apparently deemed insufficient to warrant leave to serve the notice. The above principle dictates that the court was powerless to extend clemency by permitting a new motion on proper papers in violation of the limitation expressly provided by law (General Municipal Law, § 50-e). Section 24 of the Civil Practice Act presents no analogy because movants were not prohibited by law or court order from serving the notice, whether or not the delay was excusable. Nor is section 23 of the Civil Practice Act available to extend time since a different limitation has been specifically prescribed by law (Civ. Prac. Act, § 10; *Matter of Keep*, 241 App. Div. 556, affd. 266 N. Y. 583).