Nicholas M. Pette, J.
Plaintiff, in this proposed action for personal injuries against the City of New York, moves for an order permitting him to file his notice of claim against the city nunc pro tune as of February 28, 1963.
It appears that on December 16, 1962, plaintiff sustained such severe, serious, protracted and permanent injuries that caused him to hover between life and death and which have crippled him for life. The hospital records of his injuries defy even the powers of language to adequately describe their macabre nature. Suffice it to say that up to the present his hospital and medical bills are approximately $10,000.
It further appears from the affidavit of a physician and surgeon specializing in neurology, who examined plaintiff on February 14,1964, took an electroencephalogram of the plaintiff *678 and examined the hospital records which showed that plaintiff was brought into the hospital unconscious, that the admission diagnosis was: (1) possible skull fracture, (2) cerebral concussion, (3) bleeding from area of nasal bones, (4) bleeding from inside the ears, (5) multiple fractures of the maxilla and mandible, (6) loss of teeth, (7) multiple lacerations about face, chin, neck and lip, (8) fracture of right femur, (9) compound fracture of the right ankle, (10) rupture of left eardrum, (11) multiple contusions of the body and head.
Said neurologist further states in said affidavit annexed to the moving papers herein that, based upon extensive examinations and tests given to plaintiff and the accident and its record, it is his impression that plaintiff sustained a cerebral concussion of considerable severity and that his present complaints of irritability and poor memory are directly related to said accident and the concussion he sustained; that the electroencephalogram abnormality disclosed is also related to the cerebral concussion; that these examinations indicate that plaintiff, as a result of the cerebral concussion, developed amnesia so complete that plaintiff could remember nothing concerning the accident of December 16, 1962, until sometime about the middle of January, 1964, when parts of his memory began to return; that the period of anterior grade amnesia which may occur in a concussion may ultimately clear to some extent, as has occurred in plaintiff’s case, but the extent of such clearance in the light of plaintiff’s injuries and the cerebral concussion he sustained is difficult to predict.
Plaintiff, on this motion, urges that the delay in filing the notice of claim against the city on time was not due to inadvertence, but was brought about solely by reason of the fact that during the period required under section 50-e of the General Municipal Law plaintiff was actually in the hospital under sedation and operation for surgical correction of vital parts of his body, hovering between life and death, and during that time and long after the one-year statutory limitation within which it was permissible to file such notice of claim, due to the complete amnesia resulting from the cerebral concussion he sustained in the accident, he was unable to remember anything concerning the accident to enable him to file such notice in time or to impart the necessary information to anyone so the notice could be timely filed by someone in his behalf. This contention by plaintiff appears to be amply corroborated by the hospital records and the affidavit of said neurologist.
The city opposes plaintiff’s instant motion on the ground that the statute ¡governing the filing of such notice of claim *679 specifically provides that the court, in its discretion, may grant leave to serve the notice within a reasonable time after the expiration of 90 days only where application is made within one year after the occurrence of the event upon which the claim is based.
It is unfortunate and ironical, in a situation like the one here, where plaintiff has been so critically injured, crippled and has sustained brain injury depriving’ him of his memory for more than one year after the occurrence of the accident, that the legislative mandate has imposed a one-year limitation within which to file the required notice of claim and thereby foreclosed an unfortunate victim from obtaining his day in court.
It is regrettable that in a situation like the one at bar, in which justice cries for merited relief, the court’s hands are tied and it is unable to grant the relief prayed for because of the limitations imposed upon its powers by reason of section 50-e of the General Municipal Law. The court must acknowledge, with regret, that it is powerless to aid the plaintiff in the situation now presented.
The purpose of the statute is to give the municipality notice of claims which may be made against it within a reasonable time after the accrual of the claim. While the statute extends the time to serve such notice under specified circumstances after the expiration of 90 days, but in any event within one year after the accrual of the claim, experience has demonstrated that in certain unusual circumstances, such as exist in the case at bar, it is not possible to timely file such a notice prior to the elapse of said one-year limitation.
This court recognizes that there are cases where brain injury has caused such a complete mental blackout concerning an accident, lasting long after the one-year statutory limitation has elapsed, as to render it impossible for the unfortunate victim to serve his claim before the deadline or for him to impart the necessary facts to someone who could prepare and serve such a notice in his behalf.
It is in those cases falling within the category of the ones referred to (supra), such as that of the plaintiff herein, that it becomes apparent to this court that there is a dire need for remedial legislation in order that such an unfortunate be enabled to obtain his day in court and have his claim there adjudicated.
As the statute presently exists, in cases like the one at bar, it is a travesty on justice when applied against said mental defectives whose claims have merit and in good conscience should be accorded a reasonable opportunity to serve notice *680 of their claims within a reasonable time after they have regained their lost memory. It is in the interest of such unfortunates that the Legislature should amend the subject statute and thereby remove an unjust impediment which deprives them of the full measure of legal recourse now enjoyed by other victims of accidents which do not involve the liability of municipalities and their agencies.
This court, for one, recognizes the need for such remedial legislation and earnestly urges that it would eradicate the unnecessary hardship and injustice inflicted upon the helpless victims of amnesia who are incapable of helping themselves because of their mental incapacity to comply with the statute as it now exists.
The courts have consistently held, under the said statute as it now exists, that after the expiration of one year from the accrual of the cause of action the statute must be strictly complied with and that it would be an improvident exercise of discretion on the part of the court to disregard the mandatory provisions of that law. (Matter of Dunn v. Board of Educ., 8 A D 2d 822; Matter of Martin v. School Bd. of Union Free Dist. No. 28, 301 N. Y. 233; Matter of Moore v. City of New York, 302 N. Y. 563; Matter of Rosenberg v. City of New York, 309 N. Y. 304; Chikara v. City of New York, 10 A D 2d 862, app. dsmd. on other grounds 8 N Y 2d 1014.)
The requirement that claim against the city be filed within one year from date of accident is absolute and neither infancy, insanity nor physical or mental injuries sustained in the accident can eliminate such barrier and, therefore, if such claim is to be prosecuted, it is necessary that before the elapse of a year someone other than claimant shall attend to presentation of the claim, even though claimant be totally incapacitated. (Matter of Rosenberg v. City of New York, supra, pp. 308-309.)
In the case of Matter of Moore v. City of New York (supra) in which the notice was sought to be filed in behalf of a mentally-incompetent claimant, the Court of Appeals reversed the Appellate Division which had held that the application should be granted on the ground that the incompetent should not be denied his day in court because a strict compliance with the statute was rendered impossible by virtue of the injury the claimant sustained, and cited Matter of Martin v. School Bd. of Union Free Dist. No. 28 (301 N. Y. 233, supra) and Chavers v. City of Mount Vernon (301 N. Y. 634).
It is true that applications to file belated notices of claims against municipalities or their agencies have been granted in cases in which loss of memory prevented timely service of. *681 the notice. However, in those cases the application to belatedly file was made to the court before the expiration of the one-year limitation imposed by section 50-e of the General Municipal Law. (Rosenberg v. City of New York, supra-, Matter of Figueroa v. City of New York, 279 App. Div. 771; Matter of Greenfield v. City of New York, 186 Misc. 903; Zaslowsky v. Nassau County Public Gen. Hosp., 27 Misc 2d 379; Matter of Volpe v. City of New York, 9 A D 2d 786.)
Significantly, in the Rosenberg’ case (309 N. Y. 304, 308, supra) Judge Van Voorhis, writing for the court, expressly stated: “ No claim can be filed, in any event, after the lapse of one year, but in this instance the year did not elapse until July 4, 1955.” (Emphasis supplied.)
This statute unquestionably is a salutary one when applied to the vast number of claims asserted against municipalities and their agencies. But we cannot believe that the legislators intended it as an instrument to deprive unfortunate victims of prolonged amnesia, as in the case at bar, of their right to their day in court.
It seems paradoxical that the legislators, with proper acumen and foresight, have enacted legislation to protect the innocent who are accused of crime yet, in a case like the one at bar, we must sadly admit that the legislators have not been alert to the extreme hardships section 50-e of the General Municipal Law causes to innocent victims of accidents which result in prolonged loss of memory continuing long after the statutory one-year limitation has elapsed.
The remedy lies with the legislators who surely can appreciate how the injustice fostered upon such unfortunates because of the inadequacy of section 50-e as it presently exists unfavorably reflects not only upon the courts but also upon our law-making bodies.
This court realizes that the foregoing obiter dicta remarks cannot be of any help to the unfortunate applicant for the relief he now prays for. But it is regrettable that in situations like the one at bar, the toll of the statute should not be extended to a reasonable time after such disability has been removed within which the victim should be enabled to serve the required notice of claim. In this court’s opinion, the legislators should amend section 50-e of the General Municipal Law by having it expressly declare that it shall not apply to cases like the one at bar and to cases where the victim of the accident sustains brain injury rendering him incurably mentally incompetent.
Under the statute as it now exists and the authorities, the court is contrained to deny plaintiff’s motion. Motion denied.